**SUNWEST RELIANCE ACQUISITIONS GROUP, INC., Appellant,**

v.

**PROVIDENT NATIONAL ASSURANCE CO., Appellee.**

No. 05–93–00221–CV.

Court of Appeals of Texas, Dallas.

Dec. 10, 1993.

---

Thomas C. Barron and Harvey G. Joseph, Dallas, for appellant.

D. Bradley Dickinson and Richard D. Pullman, Dallas, for appellee.

Before BAKER, BURNETT and MORRIS, JJ.

## OPINION

MORRIS, Justice.

This case involves the issue of whether a party, after perfecting its right to a jury trial pursuant to the rules of civil procedure, may by its own inaction waive the right to complain on appeal when the trial court proceeds with a bench trial instead of a jury trial. Concluding a party's inaction may constitute a waiver, we will affirm the trial court's judgment.

The facts here are simple: Provident National Assurance Company sued Sunwest Reliance Acquisitions Group, Inc. over a dispute involving a commercial lease. The parties tried the case before the trial court. The trial court rendered judgment in favor of Provident. Sunwest filed a motion for new trial, which the trial court denied by written order. Sunwest then appealed the trial court's judgment, contending in a sole point of error that the trial court reversibly erred in trying the case itself despite the fact Sunwest timely demanded a jury and paid the requisite jury fee. Provident in response asserted Sunwest waived any such error by the trial court because the record on appeal does not reflect Sunwest objected to the trial court going forward with a bench trial rather than a jury trial.

Based upon the statement of facts before us, we cannot determine why the case was tried before the court instead of a jury. Nonetheless, Sunwest in its brief requests this Court to accept the unverified factual allegations contained in its motion for new trial as a true and accurate account of the events occurring before trial. We decline to do so because Provident objects to and denies the accuracy of the statements. *See* Tex.R.App.P. 74(f). We are left, consequently, only with the following undisputed facts: (1) Sunwest timely requested a jury and paid

the jury fee as provided for by rule 216 of the Texas Rules of Civil Procedure, thereby perfecting its right to a jury trial; (2) the trial court set and called the case for trial on the jury docket; but (3) the case was tried before the court rather than a jury. Nothing before us that we may properly consider indicates Sunwest either objected to the trial court going forward with a bench trial or informed the trial court it intended to stand on its perfected right to a jury trial.

In support of its contention that Sunwest waived its right to complain about the trial court going forward with a bench trial, Provident relies on several cases that hold a party waives its perfected right to a jury trial by failing to object when the trial court instead undertakes to try the case before the bench. *See, e.g., Fishing Publications, Inc. v. Williams,* 661 S.W.2d 323 (Tex.App.—Corpus Christi 1983, no writ). The cases Provident relies on also support a conclusion that a party must act affirmatively to avoid waiving the right to complain on appeal about the trial court denying it a jury trial. On the other hand, Sunwest relies upon *Citizens State Bank v. Caney Invs.,* 746 S.W.2d 477 (Tex.1988) (per curiam). The supreme court's decision in *Caney* arguably stands for the proposition that a party's failure to object to the trial court going forward with a bench trial does not waive the party's right to complain on appeal that it was denied its perfected right to a jury trial.

In *Caney,* the supreme court reversed the court of appeals' decision that held the bank waived its perfected right to a jury trial by not objecting when the trial court proceeded to hear the case without a jury. *See Citizens State Bank v. Caney Invs.,* 733 S.W.2d 581, 587 (Tex.App.—Houston [1st Dist.] 1987), *rev'd,* 746 S.W.2d 477 (Tex.1988) (per curiam). In reversing the court of appeals' judgment, the supreme court did not address the bank's failure to object to the trial court's action. But the court unquestionably entertained the bank's point of error complaining about the trial court's action because it concluded the trial court "denied the bank its perfected right to a trial by jury" and held that the court of appeals' judgment uphold-

ing this denial conflicted with rule 216. *See Caney,* 746 S.W.2d at 478–79.

The supreme court's decision in *Caney* can be related directly to the record in that case. The dissent to the court of appeals' majority opinion sets forth a portion of the statement of facts that clearly reveals the bank indicated to the trial court it had paid a jury fee. *See Citizens State Bank,* 733 S.W.2d at 588 (Hoyt, J., dissenting). Although the bank's statement to the trial court may not have constituted a formal objection, in the context made the statement at the very least put the trial court on notice that the bank intended to stand on its perfected right to a jury trial rather than agreeing to proceed with a trial before the court. Here, unlike the situation in *Caney,* the appellate record is devoid of any objection or statement by Sunwest that could be construed as an indication to the trial court it was standing on its perfected right to a jury trial.

█ Although recognizing a trial court should safeguard the inviolate constitutional right to jury trial, we conclude a party is required to act affirmatively in order to preserve the right to complain on appeal that it was denied its perfected right to a trial by jury. Therefore, we hold that when a party has perfected its right to a jury trial in accordance with rule 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial.

Our holding is consistent with the mandate of article I, section 15 of the Texas Constitution, which specifically provides that the right to a jury trial shall remain inviolate. *See* TEX. CONST. art. I, § 15. Although the right to a jury trial exists as a matter of constitutional law, the right in a civil case is not self-executing: to invoke and perfect the right to a jury trial in a civil case a party must first comply with the requirements of rule 216. *See* TEX.R.CIV.P. 216; *Mackay v. Charles W. Sexton Co.,* 469 S.W.2d 441, 445 (Tex.Civ.App.—Dallas 1971, no writ). Once perfected, however, the right to a jury trial still may be waived. The right may be

**388**

waived expressly or by a party's failure to act. For example, a party waives a perfected right to a jury trial by failing to appear for trial. *See* Tex.R.Civ.P. 220; *Hall v. C–F Employees Credit Union*, 536 S.W.2d 266, 267 (Tex.Civ.App.—Texarkana 1976, no writ). Similarly, when one party has perfected the right to a jury trial, any other party waives the benefit of the perfected right by failing to object to the case being withdrawn from the jury docket. *See* Tex.R.Civ.P. 220; *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 726 (Tex.1968). If a party may waive a perfected right to a jury trial by its own inaction, it follows that a party may also waive by inaction the right to complain on appeal that the trial court deprived it of its perfected right.

Furthermore, in most situations a party's ability to complain on appeal that the trial court denied it a particular right is conditioned on the party preserving its complaint at trial in accordance with rule 52(a) of the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 52(a). Such a standard facilitates proper appellate review. We see no reason why a different standard should apply here.

The burden is on the appellant to bring forth a record sufficient to show reversible error. *See* Tex.R.App.P. 50(d); *Bayoud v. Bayoud*, 797 S.W.2d 304, 313 (Tex. App.—Dallas 1990, writ denied). Because the record before us does not reflect Sunwest either objected to the trial court going forward with a bench trial or indicated in any way to the trial court it intended to stand on its perfected right to a jury trial, we hold Sunwest waived any right to complain on appeal of the trial court's alleged error. We overrule Sunwest's point of error.

We affirm the trial court's judgment.