Addicks v. Sickel & Bilger

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-218-CV

ROY E. ADDICKS, JR. APPELLANT

V.

JOHN A. SICKEL AND APPELLEES

BARRY E. BILGER

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Following a trial to the bench, judgment was entered for attorney’s fees on behalf of attorneys John A. Sickel and Barry E. Bilger and against their former client, Roy E. Addicks, on his malpractice and contractual claims.  In four points, Addicks complains that (1) he was unaware that the case was set for trial, (2) he was deprived of a jury trial, (3) the trial court improperly applied the statutes of limitation, and (4) the trial court erred in finding no oral contract or agreement existed.  We will affirm in part and reverse and remand in part.

II.  Factual Background

On June 30, 1994, Addicks entered into a legal services contract with Sickel to handle his divorce.  Addicks had been awarded $186,633.12 in settlement of a personal injury claim and had been subsequently sued for divorce. His wife purportedly spent his money after a bank, Texas National Bank, N.A., allegedly erroneously turned the money over to her instead of Addicks.  During the discovery phase of the divorce proceedings, it was determined that Mrs. Addicks had, in fact, spent the entire sum of money and it appeared that a separate lawsuit against the bank was an appropriate way to retrieve the money for Addicks, in addition to pursuing, through a counter-petition for divorce, Addicks’s wife and those who had benefitted from the misspent monies.  Addicks asserts, however, that by June 1995 Sickle had not served the parties in the divorce case other than Mrs. Addicks; accordingly, in order to save Addicks’s money Sickle referred Addicks to attorney Barry E. Bilger to pursue the claim against the bank.  Following the filing of a separate suit for Addicks by Bilger, a meditation occurred November 20, 1996, attended by the mediator, Addicks, Sickel, Bilger, and the bank’s representative.  Addicks claims that he was asking for $236,663.12 plus attorney’s fees and other expenses incurred in the prosecution of the case.  Eventually a $70,000 offer from the bank was accepted.  Addicks asserted that his acceptance of this offer in the case against the bank included a representation by Sickel that he would dismiss the $7,000 owed to him for his attorney’s fees in the divorce case and finalize the divorce proceedings without charge.  In other words, Addicks contends that Sickel agreed to complete his obligations under their contract regarding the divorce proceeding, not charge Addicks $7,000 owed in fees, and not charge any further fees to complete the divorce.  Sickel subsequently asserted that their agreement was that Addicks would still have to pay costs associated with the divorce proceeding, that his agreement not to charge any further fees was contingent upon the divorce matter’s settling (which never occurred), and that Addicks never provided any further money to go forward with the divorce. 

The relationship between Addicks and Sickel did not continue on a congenial basis, and on December 17, 1997, Addicks sent Sickel a letter terminating his services.  In part it read,  “Seeing I need legal representation for both cases and you’re not interested in representing me I am asking that you surrender any and all claims and cases to me so that I may find another attorney who’ll get the job done and I’ll see some action.”  In July 1998, Sickel filed a motion to withdraw from the divorce case, copying Addicks, who was incarcerated.  On August 5, 1998, the trial court granted Sickel’s motion to withdraw from the divorce case.  Nine days later, in response to a letter from Addicks, Sickel wrote Addicks telling him that he was no longer interested in continuing his representation in this matter.  On September 22, 1998, Addicks filed a letter with the court opposing the motion to withdraw, which had been granted about forty-five days earlier.  A year later, on August 5, 1999, the divorce case was dismissed for want of prosecution.  Addicks alleged he learned of the dismissal in December 1999.

As a result, on March 27, 2001, Addicks sued Sickel and Bilger for $250,000, alleging breach of contract and legal malpractice.
(footnote: 2)  On February 26, 2003, the trial court entered an order granting partial summary judgment to Sickel and Bilger on all claims except the issue of the alleged oral agreement between the parties at the mediation.  In April 2003, Sickel and Bilger filed a counterclaim for attorney’s fees.  Following a May 28, 2003 trial to the bench, the trial court signed a final take nothing judgment as to Addicks’s claims and awarded attorney’s fees to Sickel and Bilger in the amount of $12,000 and $17,500, respectively.  This appeal followed.

III.  Points

A.  Setting the Case on the Merits and Trial to the Court

In his first two points, Addicks asserts that his due process and equal protection rights were violated because (1) he received an order from the court stating that the case was “set on the merits” for May 28, 2003, and he did not know this was a trial setting, and (2) the trial was to the court and not before a jury.  First, we observe that Addicks proceeded pro se in his litigation against his former attorneys, as he does in this appeal.  We adhere to the basic tenet that

no basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed. . . . There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.  Litigants who represent themselves must comply with the applicable procedural rules or else they would be given an unfair advantage over litigants represented by counsel.

Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978).  

Pursuant to Rule 245, in the order granting partial summary judgment signed February 26, 2003, the trial judge ordered that “this case is set on the merits for the 28th of May, 2003, at 2:00 p.m.”
(footnote: 3)  
Tex. R. Civ. P.
 245.  At the trial on May 28, Addicks first announced that he was ready to proceed and then announced that he was not ready.  However, he never requested a continuance; that is, he never asked the court for any relief on the basis that he was not ready to proceed to trial because he had not understood that a case set on the merits was a case set for trial.

Rule 247 of the Texas Rules of Civil Procedure states, “Every suit shall be tried when it is called, unless continued or postponed . . . . No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party.”  
Tex. R. Civ. P.
 247.  Addicks did not request a motion for continuance or other similar motion, which would have afforded the trial court an opportunity to grant relief from Addicks’s complaint. 

Addicks further asserts that on April 15, 2003, he requested a jury trial in his “Plaintiff’s First Supplemental Pleadings to Plaintiff’s Original Complaint.”  However, on May 28, 2003, Addicks did not object to proceeding without a jury trial.

Although recognizing a trial court should safeguard the inviolate constitutional right to jury trial, we conclude a party is required to act affirmatively in order to preserve the right to complain on appeal that it was denied its perfected right to a trial by jury.  Therefore, we hold that when a party has perfected its right to a jury trial in accordance with rule 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court’s action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial.

Our holding is consistent with the mandate of article I, section 15 of the Texas Constitution, which specifically provides that the right to a jury trial shall remain inviolate. 
 
Although the right to a jury trial exists as a matter of constitutional law, the right in a civil case is not self-executing:  to invoke and perfect the right to a jury trial in a civil case a party must comply with the requirements of rule 216.  Once perfected, however, the right to a jury trial may still be waived.  The right may be waived expressly or by a party’s failure to act.  For example, a party waives a perfected right to a jury trial by failing to appear for trial.  Similarly, when one party has perfected the right to a jury trial, any other party waives the benefit of the perfected right by failing to object to the case being withdrawn from the jury docket.  If a party may waive a perfected right to a jury trial by its own inaction, it follows that a party may also waive by inaction the right to complain on appeal that the trial court deprived it of its perfected right.

Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat’l Assurance Co.
, 875 S.W.2d 385, 387-88 (Tex. App.—Dallas 1993, no writ) (citations omitted).  Therefore, we hold that (1) Addicks waived his complaint concerning the case’s being “set on the merits” by not seeking a continuance or similar motion from the trial court and (2) the right to a jury trial was waived, and no error was preserved, due to the failure to make the lack-of-jury complaint known to the trial court by a timely request, objection, or motion pursuant to Rule 33.1.  
Tex. R. App. P.
 33.1.  Addicks’s first and second points are overruled.

B.  Limitations

In point three, Addicks asserts error by the trial court in ruling that he had not filed his legal malpractice and breach of contract claims within the two-year statute of limitations period. 

Under Texas law, claims for legal malpractice are subject to the two-year statute of limitations found in Texas Civil Practice and Remedies Code section 16.003.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003 (Vernon 2002); 
Hall v. Stephenson
, 919 S.W.2d 454, 464 (Tex. App.—Fort Worth 1996, writ denied).  
Inexplicably, all parties to this case argue that a breach of contract claim is also governed by the two-year statute of limitations.  Not so.  A breach of contract claim is covered by the four-year statute of limitations contained in Texas Civil Practice and Remedies Code section 16.004(a)(3) because it is an action for a debt.
(footnote: 4)  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.004(a)(3); 
see Morriss v. Enron Oil & Gas Co.
, 948 S.W.2d 858, 869 (Tex. App.—San Antonio 1997, no writ). 

A legal injury cannot occur after the attorney/client relationship has ended because the attorney has no duty to the client at that point.  
Hall
, 919 S.W.2d at 465.  In Addicks’s divorce case, the court granted Sickel’s motion to withdraw on August 5, 1998, after Addicks had terminated Sickle in December 1997.  Therefore, the filing of Addicks’s malpractice claim in March of 2001 was untimely, and his malpractice claim based on his divorce suit is barred by limitations.  Addicks asserts that he did not discover until December of 1999 that his case had been dismissed for want of prosecution, and he vaguely argues application of the discovery rule.  However, the discovery rule was not specifically pleaded in the trial court, 
Woods v. William M. Mercer, Inc
., 769 S.W.2d 515, 517 (Tex. 1988), and further, the dismissal was not caused by Sickle, who had been terminated earlier by Addicks and allowed to withdraw, both of which events Addicks was well aware many months prior to the dismissal.

Likewise, with respect to the bank case, the mediation occurred in 1996; therefore, any malpractice associated with that mediated settlement was long barred by the two-year limitations period by the time the malpractice suit was filed on March 27, 2001.

Point three is overruled as to the legal malpractice claims and sustained as to the breach of contract claims because the trial court applied the wrong statute of limitations to those claims.

IV.  Oral Contract

In his fourth point, Addicks asserts that the trial court erred in finding no oral contract or agreement as to the continued handling of the divorce matter in connection with the settlement of the bank case.  We liberally construe Addicks’s brief to be a factual sufficiency challenge.  

In reviewing a point asserting that a finding is “against the great weight and preponderance” of the evidence, we must consider and weigh all the evidence and set aside the finding only if the evidence is so weak or the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.  
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 242 (Tex. 2001); 
In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
  
Generally, we do not have to detail supporting evidence when upholding factual sufficiency of the evidence underlying the trial court's judgment.  
Ellis County State Bank v. Keever
, 888 S.W.2d 790, 794 (Tex. 1994).
  
Findings of fact are the exclusive province of the jury or trial court.  
Bellefonte Underwriters Ins. Co. v. Brown
, 704 S.W.2d 742, 744-45 (Tex. 1986).  When conducting a factual sufficiency review, a court of appeals must not merely substitute its judgment for that of the trier of fact.  
Golden Eagle Archery, Inc. v. Jackson
, 116 S.W.3d 757, 761 (Tex. 2003).  The trier of fact is the sole judge of the credibility of witnesses and the weight to be given to their testimony.  
Id
.

After a though review of the record, we cannot say that the evidence supporting trial court’s ruling that no oral agreement existed is so weak, or that the ruling was so contrary to the great weight and preponderance of the evidence, as to be clearly wrong or unjust.  Accordingly, Addicks’s fourth point is overruled.

V.  Conclusion

We reverse the trial court’s judgment in part and remand for the application of the correct statute of limitations to the breach of contract causes of action in the original divorce and bank cases, as those have been denominated in this opinion.  We affirm the remainder of the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
It is unclear if these allegations relate to the purported oral agreement made at the time of the settlement of the bank case, or to both the alleged oral agreement and the handling of the original divorce and bank cases.  We liberally construe the pleading to encompass the latter.

3:
The case was originally set for trial for January 2003, in response to Addicks’s August 21, 2002 Motion to Retain, in which Addicks asserted he would be ready for trial “after three or four forms of discovery.”  

4:
Under certain circumstances, parties may contract for a different limitations period, but the Addicks-Bilger contract is silent on this issue, and no Addicks-Sickel contract is before this court.  
Jett v. Truck Ins. Exchange
, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no pet.).