COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-218-CV
 
 
ROY E. ADDICKS, JR.                                                            APPELLANT
  
V.
  
JOHN A. SICKEL AND                                                             APPELLEES
BARRY E. BILGER
 
 
------------
 
FROM THE 78TH DISTRICT COURT 
OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Following 
a trial to the bench, judgment was entered for attorney’s fees on behalf of 
attorneys John A. Sickel and Barry E. Bilger and against their former client, 
Roy E. Addicks, on his malpractice and contractual claims. In four points, 
Addicks complains that (1) he was unaware that the case was set for trial, (2) 
he was deprived of a jury trial, (3) the trial court improperly applied the 
statutes of limitation, and (4) the trial court erred in finding no oral 
contract or agreement existed. We will affirm in part and reverse and remand in 
part.
II. Factual Background
        On 
June 30, 1994, Addicks entered into a legal services contract with Sickel to 
handle his divorce. Addicks had been awarded $186,633.12 in settlement of a 
personal injury claim and had been subsequently sued for divorce. His wife 
purportedly spent his money after a bank, Texas National Bank, N.A., allegedly 
erroneously turned the money over to her instead of Addicks. During the 
discovery phase of the divorce proceedings, it was determined that Mrs. Addicks 
had, in fact, spent the entire sum of money and it appeared that a separate 
lawsuit against the bank was an appropriate way to retrieve the money for 
Addicks, in addition to pursuing, through a counter-petition for divorce, 
Addicks’s wife and those who had benefitted from the misspent monies.  
Addicks asserts, however, that by June 1995 Sickle had not served the parties in 
the divorce case other than Mrs. Addicks; accordingly, in order to save 
Addicks’s money Sickle referred Addicks to attorney Barry E. Bilger to pursue 
the claim against the bank.  Following the filing of a separate suit for 
Addicks by Bilger, a meditation occurred November 20, 1996, attended by the 
mediator, Addicks, Sickel, Bilger, and the bank’s representative.  
Addicks claims that he was asking for $236,663.12 plus attorney’s fees and 
other expenses incurred in the prosecution of the case.  Eventually a 
$70,000 offer from the bank was accepted.  Addicks asserted that his 
acceptance of this offer in the case against the bank included a representation 
by Sickel that he would dismiss the $7,000 owed to him for his attorney’s fees 
in the divorce case and finalize the divorce proceedings without charge. In 
other words, Addicks contends that Sickel agreed to complete his obligations 
under their contract regarding the divorce proceeding, not charge Addicks $7,000 
owed in fees, and not charge any further fees to complete the divorce.  
Sickel subsequently asserted that their agreement was that Addicks would still 
have to pay costs associated with the divorce proceeding, that his agreement not 
to charge any further fees was contingent upon the divorce matter’s settling 
(which never occurred), and that Addicks never provided any further money to go 
forward with the divorce.
        The 
relationship between Addicks and Sickel did not continue on a congenial basis, 
and on December 17, 1997, Addicks sent Sickel a letter terminating his 
services.  In part it read, “Seeing I need legal representation for both 
cases and you’re not interested in representing me I am asking that you 
surrender any and all claims and cases to me so that I may find another attorney 
who’ll get the job done and I’ll see some action.”  In July 1998, 
Sickel filed a motion to withdraw from the divorce case, copying Addicks, who 
was incarcerated.  On August 5, 1998, the trial court granted Sickel’s 
motion to withdraw from the divorce case.  Nine days later, in response to 
a letter from Addicks, Sickel wrote Addicks telling him that he was no longer 
interested in continuing his representation in this matter.  On September 
22, 1998, Addicks filed a letter with the court opposing the motion to withdraw, 
which had been granted about forty-five days earlier.  A year later, on 
August 5, 1999, the divorce case was dismissed for want of prosecution.  
Addicks alleged he learned of the dismissal in December 1999.
        As 
a result, on March 27, 2001, Addicks sued Sickel and Bilger for $250,000, 
alleging breach of contract and legal malpractice.[2]  
On February 26, 2003, the trial court entered an order granting partial summary 
judgment to Sickel and Bilger on all claims except the issue of the alleged oral 
agreement between the parties at the mediation.  In April 2003, Sickel and 
Bilger filed a counterclaim for attorney’s fees.  Following a May 28, 
2003 trial to the bench, the trial court signed a final take nothing judgment as 
to Addicks’s claims and awarded attorney’s fees to Sickel and Bilger in the 
amount of $12,000 and $17,500, respectively.  This appeal followed.
III. Points
        A. Setting the Case on the Merits and Trial to the 
Court
        In 
his first two points, Addicks asserts that his due process and equal protection 
rights were violated because (1) he received an order from the court stating 
that the case was “set on the merits” for May 28, 2003, and he did not know 
this was a trial setting, and (2) the trial was to the court and not before a 
jury.  First, we observe that Addicks proceeded pro se in his litigation 
against his former attorneys, as he does in this appeal.  We adhere to the 
basic tenet that
  
no basis exists for differentiating between litigants represented by counsel and 
litigants not represented by counsel in determining whether the rules of 
procedure must be followed. . . . There cannot be two sets of procedural rules, 
one for litigants with counsel and the other for litigants representing 
themselves.  Litigants who represent themselves must comply with the 
applicable procedural rules or else they would be given an unfair advantage over 
litigants represented by counsel.
 
 
Mansfield 
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).
        Pursuant 
to Rule 245, in the order granting partial summary judgment signed February 26, 
2003, the trial judge ordered that “this case is set on the merits for the 
28th of May, 2003, at 2:00 p.m.”[3] Tex. R. Civ. P. 245.  At the trial 
on May 28, Addicks first announced that he was ready to proceed and then 
announced that he was not ready.  However, he never requested a 
continuance; that is, he never asked the court for any relief on the basis that 
he was not ready to proceed to trial because he had not understood that a case 
set on the merits was a case set for trial.
        Rule 
247 of the Texas Rules of Civil Procedure states, “Every suit shall be tried 
when it is called, unless continued or postponed . . . . No cause which has been 
set upon the trial docket of the court shall be taken from the trial docket for 
the date set except by agreement of the parties or for good cause upon motion 
and notice to the opposing party.”  Tex. R. Civ. P. 247.  Addicks did 
not request a motion for continuance or other similar motion, which would have 
afforded the trial court an opportunity to grant relief from Addicks’s 
complaint.
        Addicks 
further asserts that on April 15, 2003, he requested a jury trial in his 
“Plaintiff’s First Supplemental Pleadings to Plaintiff’s Original 
Complaint.”  However, on May 28, 2003, Addicks did not object to 
proceeding without a jury trial.
  
Although recognizing a trial court should safeguard the inviolate constitutional 
right to jury trial, we conclude a party is required to act affirmatively in 
order to preserve the right to complain on appeal that it was denied its 
perfected right to a trial by jury.  Therefore, we hold that when a party 
has perfected its right to a jury trial in accordance with rule 216 but the 
trial court instead proceeds to trial without a jury, the party must, in order 
to preserve any error by the trial court in doing so, either object on the 
record to the trial court’s action or indicate affirmatively in the record it 
intends to stand on its perfected right to a jury trial.
 
Our 
holding is consistent with the mandate of article I, section 15 of the Texas 
Constitution, which specifically provides that the right to a jury trial shall 
remain inviolate.  Although the right to a jury trial exists as a matter of 
constitutional law, the right in a civil case is not self-executing: to invoke 
and perfect the right to a jury trial in a civil case a party must comply with 
the requirements of rule 216.  Once perfected, however, the right to a jury 
trial may still be waived.  The right may be waived expressly or by a 
party’s failure to act.  For example, a party waives a perfected right to 
a jury trial by failing to appear for trial.  Similarly, when one party has 
perfected the right to a jury trial, any other party waives the benefit of the 
perfected right by failing to object to the case being withdrawn from the jury 
docket.  If a party may waive a perfected right to a jury trial by its own 
inaction, it follows that a party may also waive by inaction the right to 
complain on appeal that the trial court deprived it of its perfected right.

Sunwest 
Reliance Acquisitions Group, Inc. v. Provident Nat’l Assurance Co., 875 
S.W.2d 385, 387-88 (Tex. App.—Dallas 1993, no writ) (citations omitted).  
Therefore, we hold that (1) Addicks waived his complaint concerning the case’s 
being “set on the merits” by not seeking a continuance or similar motion 
from the trial court and (2) the right to a jury trial was waived, and no error 
was preserved, due to the failure to make the lack-of-jury complaint known to 
the trial court by a timely request, objection, or motion pursuant to Rule 33.1. 
Tex. R. App. P. 33.1.  
Addicks’s first and second points are overruled.
        B. Limitations
        In 
point three, Addicks asserts error by the trial court in ruling that he had not 
filed his legal malpractice and breach of contract claims within the two-year 
statute of limitations period.
        Under 
Texas law, claims for legal malpractice are subject to the two-year statute of 
limitations found in Texas Civil Practice and Remedies Code section 16.003. Tex. Civ. Prac. & Rem. Code Ann. § 
16.003 (Vernon 2002); Hall v. Stephenson, 919 S.W.2d 454, 464 (Tex. 
App.—Fort Worth 1996, writ denied).  Inexplicably, all parties to this 
case argue that a breach of contract claim is also governed by the two-year 
statute of limitations.  Not so.  A breach of contract claim is 
covered by the four-year statute of limitations contained in Texas Civil 
Practice and Remedies Code section 16.004(a)(3) because it is an action for a 
debt.[4] Tex. Civ. Prac. & Rem. Code Ann. § 
16.004(a)(3); see Morriss v. Enron Oil & Gas Co., 948 S.W.2d 858, 869 
(Tex. App.—San Antonio 1997, no writ).
        A 
legal injury cannot occur after the attorney/client relationship has ended 
because the attorney has no duty to the client at that point.  Hall, 
919 S.W.2d at 465.  In Addicks’s divorce case, the court granted 
Sickel’s motion to withdraw on August 5, 1998, after Addicks had terminated 
Sickle in December 1997.  Therefore, the filing of Addicks’s malpractice 
claim in March of 2001 was untimely, and his malpractice claim based on his 
divorce suit is barred by limitations.  Addicks asserts that he did not 
discover until December of 1999 that his case had been dismissed for want of 
prosecution, and he vaguely argues application of the discovery rule.  
However, the discovery rule was not specifically pleaded in the trial court, Woods 
v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988), and further, 
the dismissal was not caused by Sickle, who had been terminated earlier by 
Addicks and allowed to withdraw, both of which events Addicks was well aware 
many months prior to the dismissal.
        Likewise, 
with respect to the bank case, the mediation occurred in 1996; therefore, any 
malpractice associated with that mediated settlement was long barred by the 
two-year limitations period by the time the malpractice suit was filed on March 
27, 2001.
        Point 
three is overruled as to the legal malpractice claims and sustained as to the 
breach of contract claims because the trial court applied the wrong statute of 
limitations to those claims.
IV. Oral Contract
        In 
his fourth point, Addicks asserts that the trial court erred in finding no oral 
contract or agreement as to the continued handling of the divorce matter in 
connection with the settlement of the bank case.  We liberally construe 
Addicks’s brief to be a factual sufficiency challenge.
        In 
reviewing a point asserting that a finding is “against the great weight and 
preponderance” of the evidence, we must consider and weigh all the evidence 
and set aside the finding only if the evidence is so weak or the finding is so 
contrary to the great weight and preponderance of the evidence as to be clearly 
wrong and unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 
(Tex. 2001); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 
(1951).  Generally, we do not have to detail supporting evidence when 
upholding factual sufficiency of the evidence underlying the trial court's 
judgment. Ellis County State Bank v. Keever, 888 S.W.2d 790, 794 (Tex. 
1994).  Findings of fact are the exclusive province of the jury or trial 
court.  Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 
744-45 (Tex. 1986).  When conducting a factual sufficiency review, a court 
of appeals must not merely substitute its judgment for that of the trier of 
fact. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 
2003).  The trier of fact is the sole judge of the credibility of witnesses 
and the weight to be given to their testimony. Id.
        After 
a though review of the record, we cannot say that the evidence supporting trial 
court’s ruling that no oral agreement existed is so weak, or that the ruling 
was so contrary to the great weight and preponderance of the evidence, as to be 
clearly wrong or unjust.  Accordingly, Addicks’s fourth point is 
overruled.
V. Conclusion
        We 
reverse the trial court’s judgment in part and remand for the application of 
the correct statute of limitations to the breach of contract causes of action in 
the original divorce and bank cases, as those have been denominated in this 
opinion.  We affirm the remainder of the trial court’s judgment.
   
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL B:   DAUPHINOT, 
WALKER, and MCCOY, JJ.
 
DELIVERED: March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
It is unclear if these allegations relate to the purported oral agreement made 
at the time of the settlement of the bank case, or to both the alleged oral 
agreement and the handling of the original divorce and bank cases.  We 
liberally construe the pleading to encompass the latter.
3.  
The case was originally set for trial for January 2003, in response to 
Addicks’s August 21, 2002 Motion to Retain, in which Addicks asserted he would 
be ready for trial “after three or four forms of discovery.”
4.  
Under certain circumstances, parties may contract for a different limitations 
period, but the Addicks-Bilger contract is silent on this issue, and no 
Addicks-Sickel contract is before this court.  Jett v. Truck Ins. 
Exchange, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no pet.).