Affirmed and Memorandum Opinion filed May 13, 2008








Affirmed and Memorandum Opinion filed May 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00487-CV

____________

 

RICHARD STEVEN PATTERSON, Appellant

 

V.

 

GWENDOLYN ELIZABETH PATTERSON, Appellee

 



 

On Appeal from the 247th
District Court

Harris County, Texas

Trial Court Cause No. 2006-42569

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Richard Steven Patterson, appeals the final
decree of divorce signed by the trial court on March 5, 2007.  We affirm.

Factual and Procedural Background








Appellee, Gwendolyn Elizabeth Patterson, filed for divorce
on July 17, 2006.  At the time the divorce was filed, there was no child of the
marriage under the age of 18.  Appellant filed a Waiver of Citation, Original
Answer, and Counter-Claim for Divorce on August 23, 2006.  Appellant
subsequently filed a First Amended Answer on September 5, 2006, which included
special exceptions.  There is nothing in the record on appeal to indicate a
hearing was ever held on appellant=s special
exceptions or that the trial court ruled on them.  On December 4, 2006, the
trial court ordered the parties to mediation.  The record indicates this
mediation did not occur.

On February 5, 2007, despite having already filed a
counterclaim on August 23, 2006, appellant filed Respondent=s Original
Counterclaim.  Appellant included a jury demand in this pleading. 
Simultaneously, appellant filed an affidavit alleging indigence and seeking to
have the trial court waive the jury fee.  There is no indication in the record
the trial court considered this request or entered an order pursuant to Rule
217 of the Texas Rules of Civil Procedure instructing the clerk to place the
suit on the jury docket despite the non-payment of the jury fee.

On March 5, 2007 a bench trial was held, the trial court
granted the divorce, and signed the final decree of divorce.  No reporter=s record was taken
of the proceedings.  As part of the divorce decree, appellant was ordered to
pay $8,500.00 in attorney=s fees incurred by appellee.  Appellant
filed a Motion for New Trial and to Set Aside and/or Modify Judgment on April
4, 2007.  Appellant=s motion for new trial was overruled by
operation of law and this appeal followed.

Discussion








Appellant raises five issues on appeal: (1) the trial court
abused its discretion when it refused to transfer the divorce suit to the
district court where a prior divorce suit between the parties had allegedly
been filed; (2) the trial court abused its discretion when it denied appellant
a jury trial; (3) the trial court erred when it assessed appellee=s attorney=s fees against
appellant; (4) the trial court erred when it denied a motion for continuance
allegedly filed by appellant; and (5) the trial court erred when it did not
enforce a local rule requiring service on appellant of a copy of a proposed
judgment or final order at least five days before the entry date of the same. 
We address each issue in turn.

I.        The
Appellate Record

The record in this appeal consists only of a small clerk=s record. 
Appellant filed an appendix to his brief containing documents not found in the
clerk=s record. 
Appellee contends we may not consider these additional documents in our
resolution of this appeal.  We agree.  An appellate court must hear and
determine a case on the record as filed, therefore we cannot consider any of
the documents contained in appellant=s appendix not
also found in the clerk=s record.  Mitchison v. Houston
Independent School Dist., 803 S.W.2d 769, 771 (Tex. App.CHouston [14th
Dist.] 1991, writ denied).  

II.       Appellant
Waived His Argument On Appeal That The Trial Court Abused Its Discretion By Not
Transferring the Divorce Action

In his first issue on appeal, appellant contends the trial
court abused its discretion when it failed to abide by the requirements of Rule
2 of the Rules of the Judicial District Courts of Harris County, Texas B Family Trial
Division, by not transferring the 2006 divorce case to the court where a
divorce action between appellant and appellee had allegedly been previously
assigned.  In appellant=s view, this alleged violation of a local
procedural rule deprived the trial court of subject matter jurisdiction to
handle the 2006 divorce action.  Appellee responds appellant has waived
consideration of this issue on appeal because he did not make reference to any
document in the appellate record supporting appellant=s contention there
was a previously filed divorce action.  We agree with appellee.








An appellant=s brief must
contain a clear, concise argument for the contentions made, including
appropriate citations to authorities and the record.  Tex. R. App. P. 38.1(h); Nguyen v. Kosnoski, 93
S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Here, appellant has not cited to any document in the record supporting his
contention there was a previously filed divorce action between appellant and
appellee.  An issue not supported by authority or references to the record is
waived.  Id.  Accordingly, appellant has waived review of this issue. 
We overrule appellant=s first issue.  

III.      Appellant
Waived Consideration Of His Issue Contending The Trial Court Erred When It
Allegedly Denied Appellant=s Request For A
Jury Trial

In his second issue, appellant argues the trial court
abused its discretion when it denied his request for a jury trial.  Appellee
asserts appellant has waived this issue on appeal  because he failed to
preserve this issue for appellate review by objecting on the record to the
trial court conducting a bench trial.  Once again, we agree with appellee.

When a party has perfected his right to a jury trial in
accordance with Rule 216 of the Texas Rules of Civil Procedure but the trial
court proceeds to trial without a jury, the party must, to preserve error,
object on the record or affirmatively indicate on the record it intends to
stand on its perfected right to a jury trial.  In re K.M.H., 181 S.W.3d
1, 8 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(citing  Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat=l Assurance Co., 875 S.W.2d 385,
387B88 (Tex. App.CDallas 1993, no
writ).  The burden is on an appellant to bring forth a record sufficient to
show reversible error.  Sunwest, 875 S.W.2d at 388.  Because there is no
reporter=s record in this
appeal, even assuming without deciding appellant perfected his right to a jury
trial, appellant cannot demonstrate he preserved this issue for appellate
review by objecting on the record or otherwise affirmatively indicating on the
record his intention to stand on his right to a jury trial.  Accordingly,
appellant has waived this issue on appeal.  Tex. R. App. P. 33.1; Sunwest, 875 S.W.2d at
388.  We overrule appellant=s second issue.

 

 








IV.      Appellant
Has Not Shown The Trial Court Abused Its Discretion When It Ordered Appellant
To Pay Appellee=s Attorney=s Fees

In his third issue, appellant contends the trial court abused
its discretion when it awarded appellee her attorney=s fees as part of
the Final Decree of Divorce.  In appellant=s view, the trial
court erred because appellee did not include a request for attorney=s fees in any of
her pleadings.

We review a trial court=s award of
attorney=s fees for an
abuse of discretion.  Panozzo v. Panozzo, 904 S.W.2d 780, 785 (Tex. App.CCorpus Christi
1995, no writ).  A trial court abuses its discretion when it acts arbitrarily,
unreasonably, or without reference to any guiding principals.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990).

A trial court may apportion attorney=s fees in a
divorce action as part of a just and right division of the property.  Henry
v. Henry, 48 S.W.3d 468, 480 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Attorney=s fees incurred by
both spouses during the divorce are a factor to be considered by the trial
court in making an equitable division of the marital estate.  Carle v. Carle,
149 Tex. 469, 474, 234 S.W.2d 1002, 1005 (1950).  The fact the final divorce
decree in this case does not include the attorney fee award in the list of
property awarded to appellee cannot be viewed as an indication the attorney=s fees were not
considered in the division.  Murff v. Murff, 615 S.W.2d 696, 699 (Tex.
1981).








In her Original Petition for Divorce, appellee asked the
trial court, in the event the parties could not agree on a property division,
to divide the marital estate in a manner the trial court deemed just and right
and as provided by law.  In addition, in appellee=s Original Answer
to appellant=s counterclaim, appellee asked for her attorney=s fees as part of
an equitable division of the estate or, alternatively, they be taxed as costs. 
Pleadings are to be liberally construed in favor of the pleader, particularly
when, as here, the complaining party did not obtain a ruling on his special
exceptions.  See Tull v. Tull, 159 S.W.3d 758, 762 (Tex. App.CDallas 2005, no
pet.).  The purpose of the pleading is to give notice of the claim involved.  Id. 
Appellee=s pleadings
adequately apprised appellant that appellee was seeking the recovery of her
attorney=s fees as part of
her suit for divorce.[1] 
We overrule appellant=s third issue.

V.      Appellant
Waived Consideration of His Issue Contending The Trial Court Erred When It
Allegedly Denied Appellant=s Motion For
Continuance

          In
his fourth issue, appellant asserts the trial court erred when it denied his
motion for continuance.  In response, appellee contends appellant waived
appellate review of this issue as there is no motion for continuance and no
order denying a motion for continuance in the appellate record.  For the same
reasons stated in sections II and III of this opinion, appellant has waived
this issue.  We overrule appellant=s fourth issue.

VI.      Appellant
Has Not Established He Was Harmed As A Result Of Not Being Served With The
Proposed Judgment As Required By The Local Rules








In his fifth issue, appellant asserts the trial court erred
when it signed the Final Decree of Divorce in this case even though appellant
was allegedly not served with the proposed final divorce decree in compliance
with rule 3.8 of the Rules of the Judicial District Courts of Harris County,
Texas B Family Trial
Division.[2] 
In response, appellee contends appellant has failed to show he was harmed by
the alleged violation of the local rule.  We agree with appellee.

Assuming without deciding local rule 3.8 applies under the
facts of this case and that appellant did not receive a copy of the proposed
judgment at least five days before the entry of the final decree of divorce,
appellant has not shown he was harmed by this omission.  Under Rule 44.1, to
obtain a reversal of a judgment on appeal, an appellant must demonstrate the
error probably (1) caused the rendition of an improper judgment; or (2)
prevented appellant from properly presenting the case to the court of appeals. 
Tex. R. App. P. 44.1(a).  Here,
appellant has not shown how the violation of the local rule led to the
rendition of an improper judgment or prevented him from properly presenting his
case to this court because, through his motion for new trial, appellant was
able to lodge numerous objections to the judgment, including the same
complaints he raises in this appeal, prior to the expiration of the trial court=s plenary power. 
We overrule appellant=s fifth issue.   

Conclusion

Having addressed and overruled all issues raised by
appellant in this appeal, we affirm the trial court=s final decree of
divorce.

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered and Memorandum
Opinion filed May 13, 2008.

Panel consists of Chief Justice Hedges and Justices
Anderson, and Boyce.









[1]  In his brief, appellant contends appellee=s original answer containing her specific request for
attorney=s fees was moot because the trial court struck his
original counterclaim.  We need not resolve this issue as there is no order
striking appellant=s original counterclaim in the appellate record.





[2]  In pertinent part, rule 3.8 provides:

 

Judgments and Orders.  All judgments and orders must be submitted to the court for signing
within ten (10) days from the date of rendition, unless otherwise directed by
the court.  The party who is directed to prepare the judgment or order shall
furnish all opposing parties with a copy of the proposed judgment or order at
least five (5) days prior to the entry date.

 

Harris Cty. (Tex.) Dist. Ct. Fam. Div. Loc. R. 3.8