**AFFIRMED; and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00813-CV

**JOHN SKELTON, III, DYANN SKELTON, AND ALL OTHER OCCUPANTS,**
**Appellants**
**V.**
**AUCTION PROPERTIES FUND I, LLC, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-01473-C**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

In this eviction suit, John Skelton, III and Dyann Skelton appeal the trial court's judgment awarding possession of their residence to appellee Auction Properties Fund I, LLC. In one issue, the Skeltons contend the trial court reversibly erred by denying them a jury trial. We affirm.

Auction Properties purchased the Skeltons' Highland Park home at a judicial execution sale ordered by the federal bankruptcy court. When the Skeltons refused to vacate the property, Auction Properties initiated the underlying proceedings in justice court, which awarded possession of the property to Auction Properties. The Skeltons took a de novo appeal to the County Court at Law No. 1 of Dallas County, and the case was set for non-jury trial on April 17, 2014. One day before the scheduled trial, the Skeltons paid a jury fee.

On April 17, the case proceeded as a trial before the court without a jury. The Skeltons, acting pro se, did not object or otherwise make known their desire for a jury trial. After one witness had testified and various documents were admitted into evidence, the trial judge recessed the proceedings because she wanted to contact the family court judge presiding over the Skeltons' pending divorce to determine if the property was part of the marital estate.

The case resumed nineteen days later. During the testimony of a witness, the trial judge abruptly and without warning recessed the hearing, recused herself from the case, and told the parties the case would be heard by another judge. That same day, the trial judge signed the order of recusal. On May 15, 2014 the presiding administrative judge transferred the case to County Court at Law No. 3.

On June 13, the case resumed before the presiding judge of County Court at Law No. 3, again with the Skeltons representing themselves. After a lengthy discussion between the judge and the parties regarding the events leading up to the execution sale, Auction Properties's counsel explained that the trial had started in the previous court and exhibits had been previously admitted into evidence. Auction Properties then offered the deed of trust, and the trial court admitted the document. At that point, the Skeltons told the judge they had "requested a jury trial originally on this" to which the judge responded, "We're in the middle of trial." After going off the record, the trial resumed and nothing else was said about a jury trial. The judge subsequently ruled in favor of Auction Properties.

In their sole issue on appeal, the Skeltons contend they were denied their perfected right to a trial by jury. They argue they informed the trial court they had requested a jury trial, but the trial court "ignored the affirmative indication on the record that [they] were standing on their perfected right to a jury trial." After reviewing the record, we cannot agree.

–2–

Although a trial court should safeguard the inviolate constitutional right to jury trial, "a party is required to act affirmatively in order to preserve the right to complain on appeal that it was denied its perfected right to a trial by jury." *Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no pet.). Thus, to preserve error, a party who has properly perfected its right to jury trial must either object on the record to the trial court's action of proceeding to trial without a jury or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial. *Id.* This is because the right to a jury trial in a civil case is not "self-executing." *Id.*

Here, the record shows the trial of this case began on April 17, 2014 in County Court at Law No. 1 as a bench trial. The Skeltons did not voice any objection to going forward without a jury or indicate in any way to the trial judge that they intended to stand on their "perfected right to a jury trial." During the trial, the case was transferred to County Court at Law No. 3 after the original trial judge recused herself. The case resumed in that court—it did not start over—and the Skeltons did not voice any objection to the unusual procedure nor do they complain about it on appeal. Instead, the Skeltons remarked that they had "requested a jury trial originally this." We conclude this remark made long after the trial had begun was too late to preserve any error regarding a request for jury trial. We overrule the sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

140813F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN SKELTON, III, DYANN SKELTON, AND ALL OTHER OCCUPANTS

Appellants

No. 05-14-00813-CV          V.

AUCTION PROPERTIES FUND I, LLC,

Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas

Trial Court Cause No. CC-14-01473-C.

Opinion delivered by Justice Francis; Justices Lang-Miers and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AUCTION PROPERTIES FUND I, LLC recover its costs of this appeal from appellants JOHN SKELTON, III, AND DYANN SKELTON.

Judgment entered this 25th day of June, 2015.