In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00105-CV
_____

CRISTY WILLIAMSON, Appellant

V.

OMKAR SHARMA, Appellee

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 21-32146

## MEMORANDUM OPINION

Following a bench trial, Cristy Williamson appeals and complains the trial court erred (1) in failing to conduct the trial with a jury when her answer included a jury demand and represents that she had paid the appropriate fee and (2) by refusing to abate the case based on her pretrial request for an abatement, which relied on a Center for Disease Control and Prevention form that was on file with the court. For the reasons

1

explained below, we conclude Williamson's issues lack merit, so we will affirm.

Background

In June 2006, Cristy Williamson and Dustin Woodcock bought a home in New Caney, Texas with the benefit of a loan, which was secured by the property with a deed of trust.[1] Under the deed of trust, Williamson and Woodcock were required to "immediately surrender possession of the property to the purchaser" if the bank foreclosed and the property was sold at a foreclosure sale.

If the bank foreclosed, the deed of trust also explains what Williamson's and Woodcock's relationship with the owner of the property that purchased it in the foreclosure sale if they didn't surrender the property before the bank foreclosed. As to the owner purchasing the property at foreclosure, the deed of trust provides that Williamson and Woodcock would become "tenant[]s at sufferance" as to their relationship with the party who purchased the property at foreclosure. As tenants at

---

[1]Under the terms of the deed of trust, the lien on the property securing the note could be foreclosed only by a court order. In 2021, the bank that held Williamson's and Woodcock's mortgage obtained an order from the 284th District Court authorizing it to proceed with foreclosure through an order signed in July 2019.

sufferance, the deed of trust required Williamson and Woodcock to pay "reasonable rental for the use of the Property." Lastly, as tenants at sufferance, the deed of trust made Williamson and Woodcock subject to being removed from the property "by writ of possession in accordance with applicable law[.]"

After Williamson and Woodcock defaulted on the payment obligations they had to their bank of their note, the trustee under the deed of trust—JP Morgan Chase Bank—foreclosed on its lien. JP Morgan Chase Bank purchased the property at the foreclosure sale. Several months later in February 2020, JP Morgan Chase Bank sold the property to Omkar Sharma.

In July 2020, Sharma's agent, Texas Eviction, notified Williamson, Woodcock, and the other occupants of 21615 Morris Street in a letter that they were required to vacate the property within thirty days based on the foreclosure.[2] In September 2020, Sharma filed a forcible entry and detainer action in the Justice of the Peace Court, seeking to evict

---

[2]The record reflects notice was sent to Cristy Williamson, Dustin Woodcock, and Doris Williamson. Dustin Woodcock and Doris Williamson are not parties to the appeal.

3

Williamson, Woodcock, and all other occupants from the property on Morris Street in New Caney.

After she was served, Williamson, who was represented by an attorney, filed an answer to Sharma's forcible entry and detainer action in the Justice Court. Her answer includes a demand for a jury trial. The "Transcript Of Judgment From Justice Civil Court," Precinct Number 4, shows that Williamson paid the jury fee. The answer Williamson filed in the justice court includes a request asking the Justice of the Peace to abate the case based on Texas Supreme Court Miscellaneous Order 20-9109.[3] With the answer she filed in the Justice Court, Williamson also filed a form containing the information required by the Center for Disease Control order referred to in Miscellaneous Order 20-9109, the CDC Order that addresses the halting of residential evictions on a

---

[3]Miscellaneous Order 20-9109 refers to an order issued by the Center for Disease Control and Prevention, titled Temporary Halt in Residential Eviction to Prevent the Further Spread of COVID-19 (CDC Order), which the Texas Supreme Court required Texas courts to follow beginning September 4, 2020. *See* Supreme Court of Texas, Twenty-Fifth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9109, 609 S.W.3d 133 (Tex. 2020).

temporary basis to prevent the further spread of COVID-19.[4] Williamson swore to the accuracy of the information that she included in the form.

About five months later, Sharma filed a motion for summary judgment in the Justice Court on his eviction claim, arguing the only issue the court needed to determine was whether he was entitled to possession of the property.[5] The Justice of the Peace granted Sharma's motion, and the Justice of the Peace signed an order requiring Williamson, Woodcock, and the other occupants of the property to vacate the property by March 4 unless they timely filed an appeal. Before March 4, Williamson appealed to the County Court at Law and perfected her right to a trial de novo in that court.[6]

In April 2021, the County Court at Law called the case to trial. In the County Court at Law, the parties tried the case on the pleadings they had filed in Justice Court. Those pleadings were filed in the County Court

---

[4]*Id.*

[5]We note that in Sharma's pleading of his forcible entry and detainer action, he did not sue Williamson or Woodcock for damages or for rent, he only sued for possession.

[6]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.001(a) (authorizing appeals from justice courts); Tex. Prop. Code Ann. § 24.007 (West & West Supp.) (allowing an appeal in an eviction suit when the premises are used for residential purposes only).

at Law as part of Williamson's appeal, and they appear in the County Clerk's Record in a record marked as "Transcript of Documents Filed in Justice Court."

In opening statement, Williamson's attorney told the trial court that his client had "filed a COVID CDC order back in September [with the Justice of the Peace] that ha[d] never been ruled on[.]" That said, when Williamson appeared in the County Court at Law, her attorney never indicated to the trial court that Williamson wanted a trial by a jury.[7] Even though Sharma called no witnesses in the hearing, his attorney offered four exhibits into evidence, which were admitted into evidence without objection: (1) a copy of the Substitute Trustee's Deed; (2) a certified copy of Williamson's and Woodson's note, titled "Texas Home Equity Security Instrument;" (3) a copy of Sharma's deed; and (4) a business records affidavit, which contains a letter notifying Williamson,

---

[7]We are unable to determine from the Clerk's Record whether Williamson paid the jury fee in the County Court at Law. That said, the transcript of the Justice Court's records shows Williamson paid a $22 jury fee in the Justice Court. Additionally, the Appellate Record shows that Williamson filed statements in both the Justice Court and the County Court at Law declaring indigence and claiming she could not afford to pay court costs.

6

Woodcock and the other occupants of the property they were to leave the premises and that if they didn't, they would be evicted.

When Sharma rested, Williamson's attorney didn't call any witnesses, and he didn't introduce or offer any exhibits into evidence. Instead, Williamson's attorney told the court: "If the court would state that judgment should be granted, we'd ask that, of course, we have ten days to post the bond and appeal this decision." When trial concluded, the trial court found for Sharma, signed a judgment awarding Sharma possession of the property, and authorized a Writ of Possession to issue if Williamson, Woodcock, and the other occupants of the property had not vacated the premises by May 4, 2021. Subsequently, Williamson perfected her appeal to this Court.

## Jury Trial

In Williamson's first issue, she argues the trial court abused its discretion by refusing to grant her request for a jury trial. We review a trial court's denial of a party's demand for a jury trial under an abuse of discretion standard.[8] On appeal, Williamson argues that because the

---

[8]*Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

County Court at Law treated the answer she filed in the Justice Court as her answer in the County Court at Law, the jury demand that she filed in the Justice Court preserved her right to a trial by jury in the County Court at Law. But as we mentioned, nothing in the record shows that Williamson's attorney made the judge of the County Court at Law aware that his client wanted a jury trial.

Litigants "must take certain steps to invoke and perfect [their] jury right" under the rules that apply to preserving error for an appeal.[9] Just last year, the Texas Supreme Court explained that when "a trial court indicates that it will proceed with a bench trial in a case where a jury demand was timely perfected, a demanding party that still wishes to have a jury trial must ensure that the court is aware of the demand."[10] Previously, the Court has held that a party waives its right to a jury trial even if a jury demand has been filed and a jury fee paid when the party fails to obtain an adverse ruling from the trial court after pointing out that the party has demanded a jury trial.[11]

---

[9]*In re Troy S. Poe Tr.*, 646 S.W.3d 771, 778 (Tex. 2022) (cleaned up).

[10]*Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022).

[11]*Jefferson Cty. v. Nguyen*, No. 09-13-00505-CV, 2015 Tex. App. LEXIS 8052, at *74 (Tex. App.—Beaumont July 31, 2015, no pet.) (citing

In Williamson's case, Williamson was notified by the County Court at Law on April 15, 2021, that the case would be tried in a bench proceeding on April 23. The record does not show that before the trial occurred, Williamson made the trial court aware she had a jury demand on file and that she wanted a jury trial. By failing to object after she was on notice that the trial court intended to try the case to the bench, Williamson failed to preserve her complaint that the trial court deprived her of her right to a jury.[12] Williamson's first issue is overruled.

## CDC Order

In issue two, Williamson complains the trial court erred in failing to abate the case based on her filing of the CDC form she filed in the Justice Court, which addresses the temporary halting of proceedings to prevent the spread of COVID-19.[13] That said, the Texas Supreme Court order halting trials in eviction cases expired on March 31, 2021, so it

*Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assur. Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ)).

[12]*See* Tex. R. App. P. 33.1; *Sunwest Reliance Acquisitions Group, Inc.*, 875 S.W.2d at 387.

[13]*See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292 (Sept. 4, 2020).

didn't prevent the County Court at Law from calling Williamson's case to trial in April 2021.[14]

On appeal, Williamson complains the trial court didn't make findings about the reasons the forcible entry and detainer action should proceed to trial, which we acknowledge is required under the Texas Supreme Court's Thirty-Fourth Emergency Order, which allowed Williamson's trial to proceed.[15] Yet Williamson didn't ask the trial court for the findings required by the Thirty-Fourth Emergency Order—specifically, the reasons the trial court determined the action should proceed and the procedures that applied to the action.[16] Had she done so when she was before that court, the trial court's failure to make the findings required by the Thirty-Fourth Emergency Order could have been cured.

Even more, when Williamson's attorney told the County Court at Law that his client had filed the CDC form in the Justice Court, he said: "I only throw that in there because it's not been ruled on. I don't know if

---

[14]*See* Supreme Court of Texas, Thirty-Fourth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9011, 629 S.W.3d 182 (Tex. 2021).
[15]*Id.*
[16]*Id.*

10

it's even relevant. I just throw it in there. I just add it to the record, Your Honor." In response, Sharma's attorney asserted the CDC declaration didn't apply because he wasn't seeking to evict Williamson or the occupants of Sharma's property for nonpayment of rent, but instead because it was "a post-foreclosure eviction." In response, the trial court stated: "I think he is definitely right on that." Regardless of whether that conclusion is correct, Williamson failed to challenge the trial court's conclusion in her appeal.

First, we hold that Williamson didn't challenge the trial court's conclusion that Williamson's eviction was not based on her failure to pay rent. When unchallenged, a trial court's findings are binding on the reviewing court.[17] Williamson has not argued, explained, or cited any legal authority that shows the trial court erred in concluding the CDC moratorium didn't apply to the circumstances involved in her eviction, an eviction resulting from a foreclosure rather than one that involved a tenant's eviction for failing to pay rent. And with the exception of cases

---

[17]*McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).

involving fundamental error, which did not occur here, appellate courts may not consider issues the parties did not properly raise or brief.[18]

Second, by failing to ask the trial court for findings, Williamson waived her complaint that the trial court didn't provide her with the findings required by the Texas Supreme Court's Thirty-Fourth Emergency Order.[19] For all these reasons, Williamson's second issue is overruled.

Conclusion

Having overruled Williamson's issues, the judgment of the County Court at Law is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 14, 2022
Opinion Delivered June 1, 2023
Before Golemon, C.J., Horton and Wright, JJ.

---

[18]*See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (citing *In re B.L.D.*, 113 S.W.3d 340, 350-52 (Tex. 2003)).

[19]*See* Tex. R. App. P. 33.1(a) (preserving error for appellate review requires the complaining party to show that he presented his complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request); Supreme Court of Texas, Thirty-Fourth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9011, 629 S.W.3d 182.