Peter VARDILOS, Appellant,

v.

Patricia Anne VARDILOS, Appellee.

No. 05–06–00179–CV.

Court of Appeals of Texas,
Dallas.

April 13, 2007.

Robert T. O'Donnell, Garland, for appellant.

Rebecca J. Manuel, Dallas, for appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice WHITTINGTON.

Peter Vardilos appeals the trial court's divorce decree awarding certain property to his former wife, Patricia Anne Vardilos. In two issues, appellant claims the trial judge erred in characterizing the property as appellee's separate property and denying appellant's request for a jury trial. We affirm the trial court's judgment.

In his first issue, appellant contends the trial judge erred in awarding approximately $112,000 in Silver Lake Bank account number 583537 ("Silver Lake Bank account") as appellee's separate property. Under this issue, appellant claims appellee failed to prove by clear and convincing evidence that the funds were her separate property.

We review a trial judge's division of property under an abuse of discretion standard. *Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied); *LaFrensen v. La Frensen,* 106 S.W.3d 876, 878 (Tex.App.-Dallas 2003, no pet.); *see Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996) (trial court has wide latitude to divide marital estate "in a manner that the court deems just and right."). A trial judge does not abuse her discretion if there is some evidence of a substantive and probative character to support the decision. *Moroch,* 174 S.W.3d at 857. In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal insufficiency is not an independent ground of reversible error, but instead constitutes a factor relevant to our assessment of whether the trial judge abused her discretion. *Moroch,* 174 S.W.3d at 857 (citing *Boyd v. Boyd,* 131 S.W.3d 605, 611 (Tex.App.-Fort Worth 2004, no pet.)). To determine whether the trial judge abused her discretion because the evidence is legally insufficient to support the decision, we consider whether the trial judge (i) had sufficient evidence upon which to exercise her discretion and (ii) erred in her application of that discretion. *Moroch,* 174 S.W.3d at 857 (citing *Boyd,* 131 S.W.3d at 611); *Evans v. Evans,* 14 S.W.3d 343, 346 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.).

When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal sufficiency review. *See In re J.F.C.,* 96 S.W.3d 256, 265–66 (Tex.2002); *In re C.H.,* 89 S.W.3d 17, 26 (Tex.2002); *Moroch,* 174 S.W.3d at 857. Clear and convincing evidence is that "measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

TEX. FAM.CODE ANN. § 101.007 (Vernon 2002). This intermediate standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980); *Moroch*, 174 S.W.3d at 857. Therefore, the proof must weigh more heavily than merely the greater weight of the credible evidence, but it need not be unequivocal or undisputed. *Moroch*, 174 S.W.3d at 857.

In his briefing before this Court, appellant concedes he initially stipulated that the funds in the Silver Lake Bank account in appellee's name were an inheritance appellee received upon her father's death but asserts that he later withdrew the stipulation. Thus, he argues appellee failed to establish the account was in fact an inheritance. Initially, we question whether appellant's attempt to withdraw the stipulation was effective.

The record shows that following the parties' stipulation, appellee's counsel referred to the "Silver Lake Bank account, the inheritance; the $112,000" during the case-in-chief and introduced a Silver Lake Bank statement entitled "Patricia A. Vardilos Trust." During cross-examination, appellant's counsel questioned appellee at length about the funds, and she testified the money came from her father's estate and was in a trust set up by her brother. Appellant then testified. During his cross-examination, appellant's counsel interrupted, stating he and his client "withdraw our previous stipulation as to [appellee's] characterization of her property as separate as being unsupported." Neither the trial judge nor opposing counsel responded to this statement. Near the conclusion of trial, appellant's counsel explained he had "recanted the idea of the inheritance because [opposing counsel was] going to make us do tracing. We're entitled to a tracing from them."

It is not entirely clear that appellant withdrew the stipulation or that the judge or opposing counsel were aware of the statement. Nevertheless, assuming the stipulation was withdrawn, the evidence introduced during trial establishes by clear and convincing evidence that the funds in the Silver Lake Bank account were an inheritance from appellee's father. Appellee testified the Silver Lake Bank account held funds she received from her father's death. During cross-examination, appellant's counsel questioned her as follows:

[Appellant' counsel]: Before we get to all of that, tell me about this exhibit that your lawyer put into evidence about this trust. Tell me what UTD 8–25–03 means to you?

[Appellee]: Well, I think the TD I think stands for trust—I don't know.

[Appellant' counsel]: Is there a trust document?

[Appellee]: I haven't seen one.

[Appellant' counsel]: Did your father execute a trust giving the money to your brother to hold in trust for you?

[Appellee]: He must have.

[Appellant' counsel]: Have you ever seen such a document?

[Appellee]: No.

[Appellant' counsel]: Did the money go directly from the probate court to your brother?

[Appellee]: Yes, my brother arranged it as the trustee and I gave him the power of attorney—

[Appellant' counsel]: Okay.

[Appellee]: —to do that.

[Appellant' counsel]: So when did all of this happen, when the estate started being distributed, 2003?

[Appellee]: Right. I think so.

[Appellant' counsel]: And your brother is the administer [sic] of the estate?

[Appellee]: Yes, he decided that.

* * *

[Appellant' counsel]: And you became aware of the fact that there was $112,000 or $113,000 payable to you out of the estate?

[Appellee]: Yes.

This testimony, elicited by appellant's counsel during cross-examination, establishes the funds came from appellee's father's estate. Appellee also testified, and the bank statement confirmed, that the money had been placed in trust, her brother was the trustee, and the account had not earned interest. Because the record shows by clear and convincing evidence that the Silver Lake Bank funds were inherited by appellee from her father's estate, we conclude the trial judge did not abuse her discretion in awarding those funds to appellee. See TEX. FAM.CODE ANN. § 3.001 (Vernon 2006) (property acquired by spouse during marriage by "gift, devise, or descent" is separate property). We overrule appellant's first issue.

In his second issue, appellant claims the trial judge erred in denying him a jury trial on the question of characterization of property. Appellant argues that a trial judge should safeguard a party's constitutional right to jury trial. Although we agree that a party's right to trial should be safeguarded, we conclude appellant has failed to preserve this issue for review.

A party is required to act affirmatively in order to preserve the right to complain on appeal that he was denied his perfected right to a trial by jury. *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex.App.-Dallas 1993, no writ). In *Sunwest Reliance*, the parties tried a commercial lease dispute before the trial court. *Sunwest Reliance*, 875 S.W.2d at 386. Af-ter the trial judge found in favor of Provident, Sunwest filed a motion for new trial which was denied by written order. Thereafter, Sunwest filed an appeal, complaining only that "the trial court reversibly erred in trying the case itself despite the fact Sunwest timely demanded a jury and paid the requisite jury fee." *Sunwest Reliance*, 875 S.W.2d at 386. We concluded that, although a party perfects its right to a jury trial in accordance with rule of civil procedure 216, if the trial judge instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial judge, "either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial." *Sunwest Reliance*, 875 S.W.2d at 386. This is because "the right in a civil case is not self-executing: to invoke and perfect the right to a jury trial in a civil case a party must first comply with the requirements of rule 216;" once perfected, "the right to a jury trial still may be waived expressly or by a party's failure to act." *Sunwest Reliance*, 875 S.W.2d at 387–88. The record before us does not show appellant either objected to the case going forward without a jury or indicated in any way to the trial judge he intended to stand on his perfected right to a jury trial. Therefore, we conclude appellant waived any right to complain on appeal of the trial judge's alleged error. See *Sunwest Reliance*, 875 S.W.2d at 388. We overrule appellant's second issue.

We affirm the trial court's judgment.