261 S.W.3d 842 (2008)
In the Interest of C.G., J.R.G., and J.G., Children.
No. 05-06-01086-CV.
Court of Appeals of Texas, Dallas.
August 19, 2008.
*844 Virginia W. Patrizi, Dallas, for Appellant.
James W. Creech, Dallas, for Appellee.
Before Justices MOSELEY, LANG, and MAZZANT.

OPINION
Opinion by Justice MOSELEY.
In this appeal we must construe the provisions of chapter 232 of the Texas Family Code, which governs the suspension of state licenses to enforce the payments of child support. See TEX. FAM.CODE ANN. §§ 232.001-.016 (Vernon 2002 & Supp.2008) (providing for suspension of licenses as child support enforcement remedy).
Jessie Roy Galloway (Father) appeals an order suspending his licenses rendered pursuant to chapter 232 of the family code.[1] In his second issue, he asserts the trial court abused its discretion by signing *845 the order because there was no evidence to support some of the implied findings necessary to suspend a license under section 232.003, which authorizes a "court or the Title IV-D agency [to] issue an order suspending a license as provided by this chapter[.]" See id. § 232.003(a) (Vernon 2002). In his first issue, he contends that, absent such evidence, the trial court's order is void "because the trial court had no power to render it."
Appellee and movant below, Kristi Lynn Galloway (Mother), responds that section 232.004 constitutes a basis, separate and independent from section 232.003, for suspending a license, and that the trial court properly suspended Father's licenses pursuant to that section. See id. § 232.004 (Vernon Supp.2008). She also argues the trial court properly suspended Father's licenses pursuant to section 232.009, which requires that under certain conditions, the trial court "shall consider the allegations of the petition for suspension to be admitted and shall render an order suspending the license of the obligor without the requirement of a hearing. ..." See id. § 232.009 (Vernon 2002).
As explained herein, we conclude the order is not void and thus reject Father's first issue. As to his second issue, we conclude: (1) section 232.004 is not a separate, independent basis for rendering a license suspension order; (2) section 232.009 does not aid Mother's position; and (3) there is no evidence to support the issuance of a license suspension order under section 232.003. Thus, we sustain Father's second issue. We reverse the trial court's order suspending Father's licenses and render judgment that Mother take nothing on her request for the suspension of Father's licenses for failure to pay child support.

I. APPLICABLE LAW
Chapter 232 of the Texas Family Code governs the suspension of state licenses to enforce the payment of child support. See id. §§ 232.001-.016. For purposes of that chapter, the following definition applies:
(1) "License" means a license, certificate, registration, permit, or other authorization that:
(A) is issued by a licensing authority;
(B) is subject before expiration to suspension, revocation, forfeiture, or termination by the issuing licensing authority; and
(C) a person must obtain to:
(i) practice or engage in a particular business, occupation, or profession;
(ii) operate a motor vehicle; or
(iii) engage in any other regulated activity, including hunting, fishing, or other recreational activity for which a license or permit is required.
Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 85, 1995 Tex. Gen. Laws 3888, 3917, amended by Act of May 27, 2007, 80th Leg., R.S., ch. 972, § 50, 2007 Tex. Gen. Laws 3390, 3401 (current version at TEX. FAM.CODE ANN. § 232.001(1)(A)-(C) (Vernon Supp.2008)).
Clear statutory authority for the suspension of a license is found in sections 232.003 and 232.008. As relevant to this appeal, section 232.003 provides:
(a) A court ... may issue an order suspending a license as provided by this chapter if an individual who is an obligor:
(1) owes overdue child support in an amount equal to or greater than the total support due for three months under a support order;
(2) has been provided an opportunity to make payments toward the overdue child support under a court-ordered or agreed repayment schedule; and

*846 (3) has failed to comply with the repayment schedule.

TEX. FAM.CODE ANN. § 232.003(a)(1)-(3) (emphasis added).[2] Section 232.008(a) provides, in relevant part and with an exception not applicable here, that "[o]n making the findings required by section 232.003, the court ... shall render an order suspending the license. ..." Id. § 232.008(a)(1) (Vernon 2002) (emphasis added). Additionally, section 232.008(b) provides that a court "may stay an order suspending a license ..." conditioned on compliance with "a reasonable repayment schedule that is incorporated in the order." Id. § 232.008(b)(1).
Section 232.004 specifies who may file a petition to suspend a license "as provided by this chapter" and where that petition must be filed. Id. § 232.004. Although it contains language referencing the "three month arrearage" requirement set forth in subsection 232.003(a)(1), it makes no mention of the requirements set forth in subsections 232.003(a)(2) and (3), which are italicized above.
Section 232.005 addresses what the petition "under this chapter" must allege, including the requirement that it must "state that license suspension is required under Section 232.003. ..." Id. § 232.005 (Vernon 2002).
Section 232.006 provides that notice must be given to the individual whose license is sought to be suspended, and specifies the notice's contents and manner of service. Id. § 232.006 (Vernon Supp. 2008). Section 232.007 deals with some evidentiary matters not relevant here, and states that a "request for a hearing and motion to stay suspension must be filed... not later than the 20th day after the date of service of the notice. ..." Id. § 232.007 (Vernon 2002).
Section 232.009 provides that under some circumstances the trial court can render an order suspending a license without a hearing:
The court ... shall consider the allegations of the petition for suspension to be admitted and shall render an order suspending the license of an obligor without the requirement of a hearing if the court... determines that the individual failed to respond to a notice issued under Section 232.006 by:
(1) requesting a hearing; or
(2) appearing at a scheduled hearing.
Id. § 232.009 (Vernon 2002).
We now turn to the factual and procedural background of the case.

II. FACTUAL AND PROCEDURAL BACKGROUND
Father and Mother were divorced in 1991. The divorce decree ordered Father *847 to pay child support of $390 per month and made his income subject to withholding.
In March 2005, Mother filed a motion entitled "First Amended Motion to Enforce a Child-Support Obligation and to Confirm Unpaid Child Support to Judgment with Order to Appeal and Show Cause and Motion for Suspension of License for Failure to Pay Child Support with Notice of Filing." She alleged Father owed $67,663.13 in back child support and sought a judgment confirming the amount of unpaid child support. She also requested Father be held in contempt for failure to pay child support as alleged.
Mother's motion also sought an order suspending Father's licenses "pursuant to section 232.004 of the Texas Family Code." The motion did not allege that Father had been provided with an opportunity to make payments toward the overdue child support under a court-ordered or agreed repayment schedule, and that Father had failed to comply with the repayment schedule. However, the motion re-alleged the amount of child support owed and that the amount was greater than the total child support obligation due for ninety days under the support order. The motion then stated: "Therefore, [Mother] would state that under Section 232.005 of the Texas Family Code, the license suspension of [Father] is required under Section 232.004." (Emphasis added.)
The action was reset several times in 2005 and was mediated in November 2005. Finally Mother gave notice that a hearing on the motion for license suspension was set on July 17, 2006. The reporter's record of the hearing indicates that Father did not appear in person, but that his attorney did appear and took part in the hearing.
On July 17, 2006, the trial court rendered an "Order of License Suspension." The order recites, in part, that Father, although duly served with citation and notice, did not answer, "wholly made default, AND appeared by attorney of record. ..." The order also recites that: (1) in 1991 Father was ordered to pay $390 per month in child support; (2) Father was in arrears for failure to pay on June 1, July 1, August 1, and September 1, 1993, which arrearage was greater than the total child support obligation due for ninety days under the support order; and (3) license suspension was required under section 232.004. The order suspended Father's hunting or fishing license, his driver's license, and his concealed handgun license. No findings of fact were requested or filed. Father appeals.

III. ANALYSIS
Father argues on appeal that the order of license suspension is void or voidable because Mother failed to present any evidence that a court-ordered or agreed repayment schedule existed or that Father failed to comply with any repayment schedule, as required under family code subsections 232.003(a)(2) and (3).

A. Complaint That Order is Void
In his first issue, Father asserts the order is void because there is no evidence to support it. A court order is void only if the court "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." Browning v. Prostok, 165 S.W.3d 336, 346 (Tex.2005) (citing Browning v. Placke, 698 S.W.2d 362, 363 (Tex.1985) (orig.proceeding) (per curiam)). A court's action contrary to a statute or statutory equivalent means the action is erroneous or "voidable." Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.1990) (orig.proceeding) (per curiam). But it is not void. See id.
Father makes no jurisdictional arguments, and our review of the record *848 indicates that the trial court had: (1) personal jurisdiction over Father, see, e.g., Werner v. Colwell, 909 S.W.2d 866, 869-70 (Tex.1995) (court has jurisdiction over party making general appearance); TEX. FAM. CODE ANN. § 157.063 (Vernon 2002); (2) subject matter jurisdiction, see TEX. FAM. CODE ANN. §§ 155.001(a), 155.003(a) (Vernon 2002), 232.004(c); and (3) capacity to act as a court. Thus, the trial court's order is not void. See Browning, 165 S.W.3d at 346. We resolve Father's first issue against him.

B. Propriety of License Suspension Order
In his second issue, Father argues the trial court abused its discretion by ordering his licenses suspended because all the requirements of section 232.003 were not met.

1. Standard of Review
License suspension under chapter 232 is a child support enforcement remedy. Most of the appealable issues in family law are evaluated under an abuse of discretion standard, including the issue of child support. Duran v. Garcia, 224 S.W.3d 309, 313 (Tex.App.-El Paso 2005, no pet.). Accordingly, we review this decision under an abuse of discretion standard.
The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. Vardilos v. Vardilos, 219 S.W.3d 920, 921 (Tex.App.-Dallas 2007, no pet.); Moroch v. Collins, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal insufficiency is not an independent ground of reversible error, but instead constitutes a factor relevant to our assessment of whether the trial court abused its discretion. Vardilos, 219 S.W.3d at 921; Moroch, 174 S.W.3d at 857. To determine whether the trial court abused its discretion because the evidence is legally insufficient to support the decision, we consider whether the trial court: (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its application of that discretion. Vardilos, 219 S.W.3d at 921; Moroch, 174 S.W.3d at 857.
In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, all findings necessary to support the trial court's judgment are implied. Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex.1992); Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.1989). A trial court's implied findings of fact in a bench trial have the same force and dignity as a jury's verdict upon jury questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.1991). When, as in this case, a reporter's record is filed, the trial court's implied findings are not conclusive and may be challenged for legal and factual sufficiency. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex.2002). We conduct our review of sufficiency challenges to implied findings under the same standards of review that govern sufficiency challenges to jury findings or a trial court's findings of fact. See Roberson, 768 S.W.2d at 281.
To analyze a legal sufficiency challenge, we must determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex.2005). We review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable factfinder could and disregarding any contrary evidence unless a reasonable factfinder could not. Id. at 821-22, 827. We sustain a no-evidence or legal sufficiency challenge only when: (1) the record discloses a complete *849 absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. Id. at 810; Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997).

2. Discussion
The record of the July 17 hearing contains evidence that would support an implied finding under subsection 232.003(a)(1) that Father owed overdue child support in an amount equal to or greater than the total support due for three months under a support order. See TEX. FAM.CODE ANN. § 232.003(a)(1). However, there was no evidence of a court-ordered or agreed repayment schedule for the overdue child support, or that Father had been provided an opportunity to make payments toward the overdue child-support under such a repayment schedule and had failed to comply with the repayment schedule. Thus, there was no evidence to support any implied findings that would satisfy the requirements of subsections 232.003(a)(2) and (3), and permit the trial court to enter an order suspending Father's licenses.
Mother does not dispute this absence of evidence with respect to subsections 232.003(a)(2) and (3). Instead, she argues that section 232.004 provides an independent basis, separate and apart from section 232.003, for rendering an order suspending a license. She says she filed her motion pursuant to section 232.004, not 232.003, and that the trial court's order was authorized by section 232.004. Thus, she asserts the trial court did not abuse its discretion in issuing the order.
The overriding objective of statutory construction is to determine and give effect to the legislature's intent. See Cont'l Cas. Co. v. Downs, 81 S.W.3d 803, 805 (Tex.2002). When construing a statute, the court must construe the statute as written and must, if possible, determine the legislature's intention from the language that was used in the statute. Del Indus., Inc. v. Tex. Workers' Comp. Ins. Fund, 973 S.W.2d 743, 745 (Tex.App.-Austin 1998), aff'd, 35 S.W.3d 591 (Tex.2000). Courts should first look to the plain meaning of the words in the statute and, if the meaning is unambiguous, interpret the statute so that it comports with the plain meaning expressed. City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). See TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005); St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex.1997). Every word, phrase, and expression used in a statute should be read as if it were deliberately used. See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist., 81 S.W.3d 869, 873 (Tex.App.-Austin 2002, pet. denied). We must presume that in enacting the statute the legislature intended the entire statute to be effective, and we consider the entire act, not isolated portions. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005); Jones v. Fowler, 969 S.W.2d 429, 432 (Tex.1998) (per curiam). Therefore, we must read the statute as a whole and interpret it to give effect to every part. Jones, 969 S.W.2d at 432. We review the trial court's interpretation of the applicable statutes de novo. See Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex.2002).
The only sections in chapter 232 that authorize or direct a court to order suspension of a license are sections 232.003, 232.008, and 232.009. TEX. FAM.CODE ANN. §§ 232.003, .008, .009. Section 232.008 authorizes the court to render an order suspending a license "[o]n making the findings *850 required by Section 232.003." Id. § 232.008. Section 232.009 directs the court to "consider the allegations of the petition for suspension to be admitted" and render an order suspending the license without a hearing if the obligee failed to respond as required to the notice issued pursuant to section 232.006. Id. § 232.009. And the contents of that petition are governed by section 232.005, which mandates that the petition "must state that license suspension is required under Section 232.003. ..." Id. § 232.005. Thus, sections 232.008 and 232.009 relate back  directly or indirectly  to 232.003.
The trial court's order states it is rendered pursuant to section 232.004, and that is the statutory basis for the order proffered by Mother on appeal. Mother notes the differences between the requirements of sections 232.003 and 232.004. She also argues that the two sections also have different notice requirements  that by its terms the notice required by section 232.006 applies only to "the filing of a petition under Section 232.004," id. § 232.006, while the court can suspend a license under section 232.003 without notice. She concludes that the
Legislature would not have included a separate section (232.004) with different grounds for suspension of license than is required under 232.003, with notice requirements applicable to 232.004 that are not applicable to 232.003, and not also have intended the Trial Court to be able to issue on [sic] Order of Suspension under 232.004.
We disagree. As described previously, section 232.005 governs the contents of a petition "under this chapter." Id. § 232.005. Further, it requires the petition to "state that license suspension is required under Section 232.003." Id. The fact that neither section 232.004 nor 232.005 specifically requires the petition to allege facts complying with subsections 232.003(a)(2) and (3) in a granulated, detailed manner does not transform section 232.004 into a separate grant of authority to suspend licenses as a child support enforcement remedy. See id. §§ 232.003,.004.
Unlike sections 232.003, 232.008, or 232.009, section 232.004 contains no language authorizing a court to order suspension of a license. It relates to who can "file a petition to suspend, as provided by this chapter" and where the petition can be filed. Id. § 232.004(a) (emphasis added).[3] Further, the phrase "under this chapter" in sections 232.004 and 232.005 means those sections govern the procedure for bringing a petition for license suspension under chapter 232, and specifically reference that such a suspension must be based on the requirements of section 232.003.
Mother also argues on appeal that Father failed to appear at "the scheduled hearing," which we presume refers to the July 17 hearing on the license suspension.[4] Therefore, argues Mother, under section 232.009 the trial court properly considered the allegations of the petition for suspension to be admitted pursuant to section 232.009, and did not abuse its discretion in rendering the license suspension order.
We disagree for two reasons. First, section 232.009 provides that a hearing need not be held if certain conditions are met. Because a hearing on the motion to suspend Father's licenses was held, section *851 232.009 does not apply by its plain terms. Second, the record does not show that Father "failed to respond to a notice issued under Section 232.006," either by requesting a hearing or appearing at the July 17 hearing. See id. § 232.009.
Although it appears Father did not request a hearing at all  much less request a hearing before the twenty-first day after the date of service of notice upon him  Father states that Mother noticed a hearing on the motion for suspension of license around May 22, 2006, which Mother does not dispute. See TEX.R.APP. P. 38.1(f) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). Accordingly, it was not necessary that Father request a hearing to avoid the default procedure under section 232.009. See TEX. FAM.CODE ANN. § 232.009(1).
Mother does not argue to the contrary. However, she asserts Father's failure to appear in person at the hearing authorizes the court to proceed under section 232.009 even though his attorney did appear and participate in the hearing. See id. § 232.009(2).
Rule of civil procedure 2 provides that the rules of civil procedure govern the procedure in district courts "in all actions of a civil nature. ..." TEX.R. CIV. P. 2. "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." TEX.R. CIV. P. 7. There is no default when a party is represented at trial by counsel, even though the party failed to appear personally for the trial. LeBlanc v. LeBlanc, 778 S.W.2d 865, 865 (Tex.1989) (per curiam). Given these long-standing rules and principles, we decline to hold that a court may proceed under section 232.009 when the person whose license is sought to be suspended appears at a scheduled hearing through his attorney of record.
Because section 232.004 does not provide a basis separate and independent of section 232.003 for suspending a license, and because there is no evidence to support all the statutory requirements for license suspension under section 232.003, we conclude the trial court abused its discretion in rendering the order. We resolve Father's second issue in his favor.

IV. CONCLUSION
We conclude the order is not void because the trial court had jurisdiction to render the order. However, we conclude the trial court abused its discretion in rendering an order of license suspension pursuant to section 232.004 because that section does not provide a basis, separate and apart from section 232.003, for entry of a license suspension order. Further, there is no evidence to support any implied findings that: (1) Father had been provided with an opportunity to make payments toward the overdue child support under a court-ordered or agreed repayment schedule; and (2) Father has failed to comply with the repayment schedule. Thus, the entry of the license suspension order cannot be sustained on the basis of section 232.003(a). In reaching this conclusion, we reject Mother's argument that section 232.009 applied to supply the evidence necessary to support the entry of the trial court's order.
Therefore, we conclude the trial court abused its discretion by issuing the July 17, 2006 license suspension order. We reverse the trial court's order and render judgment that Mother take nothing on her motion for suspension of license for failure to pay child support.
NOTES
[1] Jessie Roy Galloway separately appealed the trial court's "Bench Warrant and Order of Capias," which also arose from the underlying case. See In re C.G., No. 05-06-01085-CV, 2008 WL 2358222 (Tex.App.-Dallas June 11, 2008, no pet.) (mem.op.).
[2] We note that the current statute specifies a three-month period of arrearage, whereas the previous statute provided for a ninety-day period of arrearage. Because this language change is immaterial to our disposition of this appeal, we reference and quote the current version of the statute.

Additionally, section 232.003 authorizes a court or the Title IV-D agency to issue an order suspending a license if a parent or alleged parent has failed, after receiving appropriate notice, to comply with a subpoena, TEX. FAM.CODE ANN. § 232.003(b), or if a court finds that an individual for whom a court has rendered an enforcement order under chapter 157 of the family code has failed to comply with the terms of a court order providing for the possession of or access to a child. Id. § 232.003(c). Mother did not assert these grounds for suspending Father's licenses, and the record contains no evidence that would support any findings under these sections. Thus, these provisions are not applicable to the case before us, and we will not mention them further.
Further, as this case does not involve a Title IV-D agency, we do not include them in our discussion of the applicable statutes.
[3] The remaining subsections relate to the provisions of the Texas Government Code applicable if the proceeding is filed with the Title IV-D agency. See TEX. FAM.CODE ANN. § 232.004(b)-(d).
[4] Section 232.009(2) refers to a "hearing"; the June 20 deposition, at which Father did not appear, was not a hearing.