

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-202-CV

WILLIAM LEE BROTHERS                                    APPELLANT

V.

BELYNDA KAY WEST                                         APPELLEE

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In this parental-rights termination appeal, Appellant William Lee Brothers argues that the trial court erred by denying both his request for a jury trial and his request for a court-appointed attorney. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. BACKGROUND

William's parental rights were terminated in a divorce proceeding initiated by his wife, Belynda. At the time of their divorce, William and Belynda had been married since April 14, 1997, although they had known one another for nearly twenty years. They have two daughters, Molly and Holly.[2] William and Belynda married while William was in prison—serving time for a 1993 conviction of indecency with a child. He is a registered sex offender and the alleged victim of his 1993 crime was Belynda's younger sister, who was thirteen years old at the time of the offense.

In October 2005, Child Protective Services (CPS) received allegations that William was neglectfully supervising and abusing Molly and Holly. Shortly after, William was arrested for a parole violation related to his 1993 conviction. Caseworker Cyndi Erwin reported that when a police officer informed Belynda and the two girls that William had been arrested, "[T]hey all reacted with excitement. [Molly] began to cry and told the officer 'thank you.'" According to Erwin, Belynda had the same reaction. Erwin reported that the family claims that "William is a very violent man. He has hit the girls and pulled their hair. He calls them names such as slut and tramps." Erwin also reported that Molly

---

[2] To protect the identify of the children, we will use aliases for the names of the children. Tex. R. App. P. 9.8(b)(1)(A).

alleged that William had sexually assaulted her, and, although she would not initially go into details, she said that William "did to her what he did to end up in jail the first time."

In March 2006, the Texas Department of Family and Protective Services (TDFPS) filed suit seeking to terminate both Belynda's and William's parental rights to Molly and Holly. In 2006, Belynda filed for divorce. In her first amended petition, filed in July 2006, Belynda also pleaded that William's parental rights to their two children be terminated. Belynda also applied, in the pending divorce suit, for a protective order in July 2006 to prevent William's access to the two girls. In January 2007, the trial court consolidated Belynda's divorce petition with TDFPS's termination suit. William also pleaded guilty to aggravated sexual assault of a minor—the alleged victim being Molly—and is now serving a twenty-five-year sentence.

The trial court appointed William an attorney in the TDFPS termination suit, who filed an answer on William's behalf. In his February 16, 2007 answer, William requested a jury trial and stated that thirty dollars was paid as a jury fee. In June 2007, the trial court granted TDFPS's motion to dismiss its termination suit. In December 2007, citing the dismissal of TDFPS's termination suit, the trial court ordered William's court-appointed attorney to withdraw from this case and denied William's request for continuing court-

3

appointed counsel based on his claim of indigence. The trial court granted William's request to be bench warranted, and William attended the February 6, 2008 bench trial on Belynda's remaining divorce and termination suit.

At the February 6 trial, without objecting that the case was being tried before the bench, both Belynda and William testified. The majority of both parties' testimony concerned the division of the couple's property. William also testified that he did not "want to lose [his] kids." He said that he was fighting his current conviction for aggravated sexual assault of a minor because of "newly found evidence due to perjured statements" but did not elaborate. Both William and Belynda testified that William had anger issues. Belynda described William as "mean and violent." William stated that often "[his] anger gets a-hold of [him] . . . [and he] end[s] up hurting someone . . . . Most of the time, it's someone that [he] love[s]." Ultimately, the trial court granted the divorce and terminated William's parental rights to Molly and Holly. *See* Tex. Fam. Code Ann. § 161.001(1)(L) (Vernon 2008) (providing that a trial court may terminate the parent-child relationship if the court finds by clear and convincing evidence that the parent has been found guilty of, among other things, indecency with a child or aggravated sexual assault of a child). This appeal followed.

4

### III. DISCUSSION

In part of his sole issue, William argues that he was denied his right to a jury despite having requested and paid for one.

#### A. Request for a Jury

The right to a jury trial is guaranteed by the Texas Constitution. Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate."), art. V, § 10 ("In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury."). The right to a jury trial in a civil case is not self-executing. *See Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet). To invoke and perfect the right to a jury trial in a civil case, a party must first comply with the requirements of rule 216. *Id*. Texas Rule of Civil Procedure 216 provides as follows:

> a. Request. No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

Tex. R. Civ. P. 216. But even when a civil litigant has perfected a right to a jury trial, a litigant waives that right if the litigant participates in a bench trial without objection. *See, e.g., In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that litigants waived their

5

objection to bench trial by failing to object or otherwise indicate they possessed "perfected" right to jury trial until charge conference); *In re A.M.*, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no writ) (observing that perfected right to jury trial in civil case may be waived by party's failure to act when trial court proceeds with bench trial); *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assur. Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ) (holding "that when a party has perfected its right to a jury trial in accordance with rule 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial").

William filed his jury demand and paid the jury fee almost one year before trial. Therefore, he perfected his right to a jury trial in accordance with rule 216. Neither William nor Belynda objected to the trial court proceeding with a bench trial, and William did not otherwise take any affirmative action to indicate that he intended to stand on his perfected right to a jury. Thus, William waived his jury trial right. We overrule this portion of William's issue.

**B. Right to Appointed Counsel**

In the remainder of his sole issue, William argues that the trial court erred by denying him his "mandatory" right to an appointed ad litem under Texas Family Code section 107.013(a)(1). *See* Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon 2008) (mandating appointment of attorney ad litem for an indigent parent "[i]n a suit filed by a governmental entity in which termination of the parent-child relationship" is sought). We disagree. This court has held that no statutory right exists to appointed counsel in a private termination suit. *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied).

Here, the trial court granted TDFPS's motion to dismiss its termination suit, leaving only Belynda's private termination suit. Because William's parental rights were terminated in a private termination suit, he possessed no mandatory statutory right to appointed counsel. *See id*. Consequently, we overrule the remainder of William's sole issue.

**C. Motion to Enforce Court Order**

William has also filed a separate motion to enforce the trial court's order in the divorce decree that Belynda divide the proceeds of their former bank account. But the trial court retains jurisdiction to enforce its own judgments even after its plenary power has expired. *See* Tex. Fam. Code Ann. § 9.001(a) (Vernon 2006) ("A party affected by a decree of divorce . . . providing for a

7

division of property . . . may request enforcement of that decree by filing a suit to enforce as provided by this chapter in the court that rendered the decree."). Thus, William should file enforcement proceedings in the trial court. We deny William's "Motion to Enforce Court Order."

## IV. CONCLUSION

Having overruled William's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED: May 7, 2009

8