COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-202-CV

 

 

WILLIAM LEE BROTHERS                                                      APPELLANT

 

                                                   V.

 

BELYNDA KAY WEST                                                             APPELLEE

 

                                              ------------

 

           FROM THE 324TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION

In this parental-rights termination appeal,
Appellant William Lee Brothers argues that the trial court erred by denying
both his request for a jury trial and his request for a court-appointed
attorney.  We will affirm.








                                          II.  BACKGROUND

William=s
parental rights were terminated in a divorce proceeding initiated by his wife,
Belynda.  At the time of their divorce,
William and Belynda had been married since April 14, 1997, although they had
known one another for nearly twenty years. 
They have two daughters, Molly and Holly.[2]  William and Belynda married while William was
in prisonCserving time for a 1993
conviction of indecency with a child.  He
is a registered sex offender and the alleged victim of his 1993 crime was
Belynda=s
younger sister, who was thirteen years old at the time of the offense.








In October 2005, Child Protective Services (CPS)
received allegations that William was neglectfully supervising and abusing
Molly and Holly.  Shortly after, William
was arrested for a parole violation related to his 1993 conviction.  Caseworker Cyndi Erwin reported that when a
police officer informed Belynda and the two girls that William had been
arrested, A[T]hey all reacted with
excitement.  [Molly] began to cry and
told the officer >thank you.=@  According to Erwin, Belynda had the same
reaction.  Erwin reported that the family
claims that AWilliam is a very violent
man.  He has hit the girls and pulled
their hair.  He calls them names such as
slut and tramps.@ 
Erwin also reported that Molly alleged that William had sexually
assaulted her, and, although she would not initially go into details, she said
that William Adid to her what he did to end up
in jail the first time.@

In March 2006, the Texas Department of Family and
Protective Services (TDFPS) filed suit seeking to terminate both Belynda=s and
William=s
parental rights to Molly and Holly.  In
2006, Belynda filed for divorce.  In her
first amended petition, filed in July 2006, Belynda also pleaded that William=s
parental rights to their two children be terminated.  Belynda also applied, in the pending divorce
suit, for a protective order in July 2006 to prevent William=s access
to the two girls.  In January 2007, the
trial court consolidated Belynda=s
divorce petition with TDFPS=s
termination suit.  William also pleaded
guilty to aggravated sexual assault of a minorCthe
alleged victim being MollyCand is
now serving a twenty-five-year sentence.








The trial court appointed William an attorney in
the TDFPS termination suit, who filed an answer on William=s
behalf.  In his February 16, 2007 answer,
William requested a jury trial and stated that thirty dollars was paid as a
jury fee.  In June 2007, the trial court
granted TDFPS=s motion to dismiss its
termination suit.  In December 2007,
citing the dismissal of TDFPS=s
termination suit, the trial court ordered William=s
court-appointed attorney to withdraw from this case and denied William=s
request for continuing court-appointed counsel based on his claim of
indigence.  The trial court granted
William=s
request to be bench warranted, and William attended the February 6, 2008 bench
trial on Belynda=s remaining divorce and
termination suit.

At the February 6 trial, without objecting that
the case was being tried before the bench, both Belynda and William
testified.  The majority of both parties=
testimony concerned the division of the couple=s property.  William also testified that he did not Awant to
lose [his] kids.@ 
He said that he was fighting his current conviction for aggravated
sexual assault of a minor because of Anewly
found evidence due to perjured statements@ but did
not elaborate.  Both William and Belynda
testified that William had anger issues. 
Belynda described William as Amean and
violent.@  William stated that often A[his]
anger gets a‑hold of [him] . . . [and he] end[s] up hurting
someone . . . .  Most of the
time, it=s
someone that [he] love[s].@  Ultimately, the trial court granted the divorce
and terminated William=s parental rights to Molly and
Holly.  See Tex. Fam. Code Ann. ' 161.001(1)(L)
(Vernon 2008) (providing that a trial court may terminate the parent-child
relationship if the court finds by clear and convincing evidence that the
parent has been found guilty of, among other things, indecency with a child or
aggravated sexual assault of a child). 
This appeal followed.








                                           III.  DISCUSSION

In part of his sole issue, William argues that he
was denied his right to a jury despite having requested and paid for one.

A.     Request
for a Jury

The right to a jury trial is guaranteed by the
Texas Constitution.  Tex. Const. art. I, ' 15
(AThe
right of trial by jury shall remain inviolate.@), art.
V, ' 10
(AIn the
trial of all causes in the District Courts, the plaintiff or defendant shall,
upon application made in open court, have the right of trial by jury.@).  The right to a jury trial in a civil case is
not self‑executing.  See Vardilos
v. Vardilos, 219 S.W.3d 920, 923 (Tex. App.CDallas
2007, no pet).  To invoke and perfect the
right to a jury trial in a civil case, a party must first comply with the
requirements of rule 216.  Id.  Texas Rule of Civil Procedure 216 provides as
follows:

a. Request.  No jury trial shall be had in any civil suit,
unless a written request for a jury trial is filed with the clerk of the court
a reasonable time before the date set for trial of the cause on the non‑jury
docket, but not less than thirty days in advance.

 








Tex. R. Civ. P. 216.  But even
when a civil litigant has perfected a right to a jury trial, a litigant waives
that right if the litigant participates in a bench trial without objection.  See, e.g., In re D.R., 177 S.W.3d 574,
580 (Tex. App.CHouston [1st Dist.] 2005, pet.
denied) (holding that litigants waived their objection to bench trial by
failing to object or otherwise indicate they possessed Aperfected@ right
to jury trial until charge conference); In re A.M., 936 S.W.2d 59, 61
(Tex. App.CSan Antonio 1996, no writ)
(observing that perfected right to jury trial in civil case may be waived by
party=s
failure to act when trial court proceeds with bench trial); Sunwest Reliance
Acquisitions Group, Inc. v. Provident Nat=l Assur.
Co., 875 S.W.2d 385, 387 (Tex. App.CDallas
1993, no writ) (holding Athat when a party has perfected
its right to a jury trial in accordance with rule 216 but the trial court
instead proceeds to trial without a jury, the party must, in order to preserve
any error by the trial court in doing so, either object on the record to the
trial court=s action or indicate
affirmatively in the record it intends to stand on its perfected right to a
jury trial@).

William filed his jury demand and paid the jury
fee almost one year before trial. 
Therefore, he perfected his right to a jury trial in accordance with
rule 216.  Neither William nor Belynda
objected to the trial court proceeding with a bench trial, and William did not
otherwise take any affirmative action to indicate that he intended to stand on
his perfected right to a jury.  Thus,
William waived his jury trial right.  We
overrule this portion of William=s issue.








B.     Right
to Appointed Counsel

In the remainder of his sole issue, William
argues that the trial court erred by denying him his Amandatory@ right
to an appointed ad litem under Texas Family Code section 107.013(a)(1).  See Tex. Fam. Code Ann. ' 107.013(a)(1)
(Vernon 2008) (mandating appointment of attorney ad litem for an indigent
parent A[i]n a
suit filed by a governmental entity in which termination of the parent-child
relationship@ is sought).  We disagree. 
This court has held that no statutory right exists to appointed counsel
in a private termination suit.  In re
J.C., 250 S.W.3d 486, 489 (Tex. App.CFort
Worth 2008, pet. denied).

Here, the trial court granted TDFPS=s motion
to dismiss its termination suit, leaving only Belynda=s
private termination suit.  Because
William=s
parental rights were terminated in a private termination suit, he possessed no
mandatory statutory right to appointed counsel. 
See id.  Consequently, we
overrule the remainder of William=s sole
issue.

C.     Motion
to Enforce Court Order








William has also filed a separate motion to
enforce the trial court=s order in the divorce decree
that Belynda divide the proceeds of their former bank account.  But the trial court retains jurisdiction to
enforce its own judgments even after its plenary power has expired.  See Tex. Fam. Code Ann. ' 9.001(a)
(Vernon 2006) (AA party affected by a decree of
divorce . . . providing for a division of property . . . may request
enforcement of that decree by filing a suit to enforce as provided by this
chapter in the court that rendered the decree.@).  Thus, William should file enforcement
proceedings in the trial court.  We deny
William=s AMotion
to Enforce Court Order.@

                                          IV.  CONCLUSION

Having overruled William=s sole
issue, we affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  MEIER,
GARDNER, and WALKER, JJ.

 

WALKER, J. concurs
without opinion.

 

DELIVERED:  May 7, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]To protect the identify
of the children, we will use aliases for the names of the children.  Tex. R. App. P. 9.8(b)(1)(A).