

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00263-CV

Kimberly **BROOKS**,
Appellant

v.

Shawn **BROOKS**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17320
Honorable Richard Price, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: May 7, 2014

AFFIRMED

Kimberly Brooks appeals the trial court's order confirming that she owed $1,276 in child support arrears and clarifying that she must pay the 50% of the non-mortgage debt that she was ordered to pay in the divorce decree directly to the creditors on a monthly basis. We affirm the trial court's order.

### CHILD SUPPORT ARREARAGE

In her first issue, Kimberly contends the trial court lacked jurisdiction to confirm the arrearage because she was not personally served with the motion for enforcement. The trial court's

order, however, states that Kimberly appeared at the hearing in person and through her attorney of record and announced ready. Section 157.063 of the Texas Family Code provides:

> A party makes a general appearance for all purposes in an enforcement proceeding if:
> (1)    the party appears at the hearing or is present when the hearing is called; and
> (2)    the party does not object to the court's jurisdiction or the form or manner of the notice of hearing.

TEX. FAM. CODE ANN. § 157.063 (West 2014). Because Kimberly appeared at the hearing and did not object to the court's jurisdiction or the form or manner of the notice of hearing, the trial court had jurisdiction to enter the order confirming the child support arrearage. *See id*.; *see also In re C.G.*, 261 S.W.3d 842, 847-48 (Tex. App.—Dallas 2008, no pet.). Kimberly's first issue is overruled.

### CLARIFICATION

In her second issue, Kimberly contends the trial court erred in clarifying the divorce decree because the provision relating to her payment of 50% of the non-mortgage debt was not ambiguous. The divorce decree provided, "Petitioner [Kimberly] is awarded 50% of all community debt, excluding mortgage on real property at 35 Branwood, San Antonio, Texas." The trial court's order clarified that the debt was to be paid directly to the creditors in monthly installments as the monthly payment for each debt becomes due and payable.

Section 9.006(b) of the Texas Family Code gives the trial court the authority to "specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." TEX. FAM. CODE ANN. § 9.006(b) (West Supp. 2013). Section 9.008(b) also gives the trial court the authority to "render a clarifying order setting forth specific terms to enforce compliance with the original division of property" if the court finds "that the original form of the division of property is not specific enough to be

enforceable by contempt." *Id*. at § 9.008(b) (West 2006). Kimberly argues that the trial court was without authority to clarify the divorce decree because it was not ambiguous. Presumably, Kimberly is arguing that the trial court could not clarify the decree under section 9.008(b) because the decree was "specific enough to be enforceable by contempt." *Id*. Even if the trial court was required to find an ambiguity in the decree to enter a clarifying order under section 9.008(b), no such finding was required for the trial court to "specify more precisely the manner of effecting the property division" under section 9.006(b). *Id*. at § 9.006(b); *Wright v. Eckhardt*, 32 S.W.3d 891, 894-95 (Tex. App.—Corpus Christi 2000, no pet.).

As one court has noted, "[w]henever a party is to make some payment after the date of divorce, the decree should specify the dates, time, and location of the payment." *Kimsey v. Kimsey*, 965 S.W.2d 690, 697 (Tex. App.—El Paso 1998, pet. denied); *see also Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 818-19 (Tex. App.—Dallas 2008, no pet.) (clarifying payment provision by adding precise time and place for payment). In this case, the substantive division of the property in the divorce decree, which ordered Kimberly to pay 50% of the non-mortgage community debt, was unchanged. The order merely specified the manner in which the debt was to be paid. Accordingly, the trial court did not abuse its discretion in specifying more precisely the manner in which Kimberly was required to pay the debt. *See Hollingsworth*, 274 S.W.3d at 815 (noting ruling on post-divorce motion for enforcement reviewed under abuse of discretion standard). Kimberly's second issue is overruled.

### CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice