# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-17-00760-CV

---

**Audria Edmond, Appellant**

**v.**

**Mark McElhannon/Accent Real Estate Services, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY**
**NO. 86544, HONORABLE JEANNE PARKER, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Audria Edmond appeals pro se from the county court at law's final judgment in a forcible-entry-and-detainer suit awarding possession of certain residential real property in Belton, Texas, along with specified damages, to Mark McElhannon/Accent Real Estate Services. *See* Tex. Prop. Code § 24.001–.011 (forcible entry and detainer). For the reasons explained below, we affirm the trial court's judgment.

### Background

The underlying facts are not disputed. McElhannon owns residential property and leases it to Edmond. When Edmond failed to pay her monthly rent of $910 by its due date of September 1, 2017, McElhannon sent Edmond a notice of eviction that was delivered to Edmond on September 2, 2017, and then, on September 8, 2017, filed a petition for eviction with the justice court of Bell County. On September 18, 2017, Edmond paid McElhannon $910 for the past-due

September rent, but she did not pay the late fees due under the terms of the lease. The justice court rendered judgment in favor of McElhannon, awarding him possession of the property, $422 for back rent, and $146 in court costs. Edmond appealed the justice court's judgment to the county court at law. *See* Tex. R. Civ. P. 509.8 (authorizing de novo appeal).

Following a de novo bench trial, the county court at law rendered final judgment awarding McElhannon possession of the property, $639 in damages, $1,000 for attorney fees, $146 in court costs, and post-judgment interest. It is from this judgment that Edmond now appeals.

## Discussion

Edmond raises five issues on appeal, arguing that the trial court erred in (1) denying Edmond the right to a trial by jury; (2) failing to credit payments Edmond made to McElhannon; (3) failing to disclose to her that the judge had a conflict of interest and was potentially biased against her; (4) awarding rent or late fees owed before the justice court's September 8, 2017 judgment because the court lacked jurisdiction to award such fees; and (5) awarding court costs because McElhannon failed to provide her with three days' notice before filing his eviction suit.

### Right to jury trial

Edmond asserts in her first issue that the trial court erred in denying her timely request for a jury trial. *See* Tex. Const. art. 1, § 15 ("The right to trial by jury shall remain inviolate."). McElhannon argues that Edmond waived her right to complain on appeal that she was denied her right to trial by jury because she failed to act when the county court at law proceeded with a bench trial. We agree.

2

A litigant is required to act affirmatively in order to preserve the right to complain on appeal that he was denied his right to a trial by jury. *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.) (citing *Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ)). An appellant may preserve his right to a jury trial despite announcing "ready" at the opening of a bench trial if he has taken other affirmative action to show he did not intend to waive his right to a jury trial. *See G.W. v. Texas Dep't of Protective Servs.*, No. 03-14-00580-CV, 2015 WL 658466, at *4 (Tex. App.—Austin Feb. 11, 2015, no pet.) (mem. op.).

Here, although Edmond timely requested a jury trial in her appeal from the justice court, she announced to the court that she was "ready to go" when the county court at law judge began a bench trial on the matter. She proceeded to testify, present evidence, and cross-examine witnesses. It was not until near the very end of the trial that she notified the trial court that she requested a jury in her petition. Edmond did not object to the case going forward without a jury or indicate in any way to the trial judge that she intended to stand on her right to jury trial. We hold that these acts and failure to act constituted a waiver of her right to complain on appeal of the trial court's alleged error. *See Vardilos*, 219 S.W.3d at 923 (holding that appellant waived right to complain on appeal by not objecting to proceeding without at jury or affirmatively indicate that he intended to perfect his right to jury trial).

We overrule Edmond's first issue.

**Sufficiency of the evidence**

In her second issue, Edmond contends that the trial court failed to properly credit her payments to McElhannon and that the amounts awarded were incorrect. We take Edmond's assertion here to be a challenge to the legal and factual sufficiency of the evidence. In a legal-sufficiency challenge, we consider whether the evidence at trial would enable a reasonable and fair-minded fact finder to reach the findings under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient to support a finding when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Bustamante v. Ponte*, 529 S.W.3d 447, 455–56 (Tex. 2017); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). The record contains more than a mere scintilla of evidence when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc.*, 118 S.W.3d at 751. Conversely, the record contains less than a scintilla when the evidence offered to prove a vital fact's existence is "so weak as to do no more than create a mere surmise or suspicion." *Id.* All the record evidence must be considered "in the light most favorable to the party in whose favor the [decision] has been rendered," and "every reasonable inference deducible from the evidence is to be indulged in that party's favor." *Bustamante*, 529 S.W.3d at 456 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

When reviewing a verdict for factual sufficiency, we consider and weigh all of the evidence, not just the evidence that supports the finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). When a party challenges the factual sufficiency of the evidence supporting a finding for which she did not have the burden of proof, we may set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* at 407. The amount of evidence necessary to affirm is far less than the amount necessary to reverse a judgment. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the factfinder or pass upon the credibility of witnesses. *Ellis*, 971 S.W.2d at 407.

Here, the evidence admitted into the county court at law consisted of Edmond's residential lease concerning the property and a list of rent payments received and put into evidence by McElhannon. Based on the information in the transaction listing, Edmond owed $2,459 in rent and late fees to McElhannon at the time of the trial in the county court at law. This amount included two rent payments of $910, which were held in the county court at law pending Edmond's appeal, leaving a balance of $639 due to McElhannon. Edmond's lease and the Texas Property Code allow McElhannon to seek attorney's fees incurred in a legal proceeding related to the lease, making the county court at law's award of $1,000 for legal fees proper. *See* Tex. Prop. Code § 24.0054(b)(2).

Edmond did not offer any evidence that was contrary to the residential lease or the transactional listing. Reviewing the evidence in the record as required by the appropriate standards of review, we hold that the evidence was both legally and factually sufficient to support the trial court's award of damages, court costs, and attorneys fees.

5

Edmond also challenges the amount awarded in rent and late fees, claiming that she owes only $317, not $639, and arguing that she was entitled to have a jury resolve this issue. As noted above, however, Edmond waived her right to complain on appeal that she was denied her right to a jury trial. And to the extent that Edmond is challenging the trial court's calculation of rent and late fees or the sufficiency of the evidence supporting the same, our review of the record indicates that Edmond did not dispute the amount of rent and fees owed. At trial, Edmond claimed that she never received a statement from McElhannon showing that she owed $639. She also argued to the trial court that she was not aware that the terms of her lease allowed McElhannon to apply the rent payment first to any non-rent obligations and then to rent. But Edmond never denied that she owed $639 in past rent and fees and, in fact, admitted to the trial court that she believed she did owe $639.

We overrule Edmond's second issue.

**Alleged conflict of interest and bias**

In her third issue, Edmond asserts that the trial court had a conflict of interest and was biased against her. In support of her allegations, Edmond emphasizes an alleged post-trial and off-the-record exchange between the trial court and McElhannon's counsel in which the judge allegedly stated that "it had been some years since [the judge] had purchased a home through [Accent Real Estate Services]." On appeal, Edmond contends that this exchange indicates that the judge had a "financial relationship" with Accent and that, had Edmond been aware of that financial relationship, she would have asked the judge to recuse himself for "conflict of interest and potential bias."

It is grounds for recusal that a judge, among other matters, "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be

6

substantially affected by the outcome of the proceeding." Tex. R. Civ. P. 18b(b)(6). A financial interest is defined as a means of ownership of a legal or equitable interest, or a relationship as a director, advisor or other active participant in the affairs of a party. *Id*. at 18b(d)(4). Even assuming the accuracy of Edmond's contentions here regarding the conversation and its contents, which does not appear in the record before us, the fact that a judge purchased a home at some time in the past using the same company that McElhannon employs to manage his rental property does not rise to the level of a "financial interest," or of any interest for that matter, in the possession of the real property at issue here. Such an interest would be "merely indirect, incidental, remote, contingent, or possible." *Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex. 1979).

We overrule Edmond's third issue.

**Jurisdiction**

As her fourth issue, Edmond claims that because pleadings listed the amount of rent delinquent as $910, instead of the actual amount of fees owed to McElhannon in addition to September rent, the lower court did not have jurisdiction to hear the case. We disagree. Justice courts have original jurisdiction over forcible-entry-and-detainer cases, *see* Tex. Gov't Code § 27.031, and the county court at law had jurisdiction to hear Edmond's appeal from the justice court, *see* Tex. R. Civ. P. 509.8. Whether Edmond was confused or unaware of the amount she owed McElhannon has no effect on the court's jurisdiction to hear the case and award damages to McElhannon.

We overrule Edmond's fourth issue.

7

**Three days' notice**

In her final issue, Edmond contends that the trial court erred in awarding monetary damages and court costs because McElhannon failed to give her three days' notice of the amount of damages sought before filing suit against her. We disagree.

Section 24.005 of the Property Code requires a landlord to give at least three days' written notice to vacate before the landlord files a forcible-detainer suit unless the parties have contracted otherwise. *See* Tex. Prop. Code § 24.005(a)–(c). Nowhere in the Property Code does it specify that the landlord is required to give the occupant/tenant three days' notice of the amount of damages sought. *See id.* §§ 24.001–.011 (chapter on forcible entry and detainer). The record here indicates that McElhannon provided Edmond with a written notice to vacate on September 2, 2017, and then subsequently filed its petition for eviction on September 8, 2017. We note that McElhannon's petition for eviction stated, as required by Rule 510.3, the total amount of rent due and unpaid at the time of filing, *see* Tex. R. Civ. P. 510.3(a)(4), and further that McElhannon reserved the right to amend that amount at trial. We would also note that the parties' lease agreement set forth the possible fees associated with default, including that Edmond might be liable for additional fees, any unpaid rent, attorney fees, and court costs resulting from eviction proceedings. Based on the record before us, Edmond was given the notice to which she was entitled.

We overrule Edmond's fifth issue.

**Conclusion**

Having overruled each of Edmond's issues, we affirm the trial court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   July 17, 2018